# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 04-2559

_____

Steven M. Jacob,                             *
                                             *
        Appellant,                   *
                                             *        Appeal from the United States
    v.                               *        District Court for the
                                             *        District of Nebraska.
Harold Clarke,                               *
                                             *        [UNPUBLISHED]
        Appellee.                    *

_____

Submitted:  April 14, 2005
Filed:  April 22, 2005

_____

Before WOLLMAN, HANSEN, and RILEY, Circuit Judges.

_____

PER CURIAM.

On September 16, 2002, Steven M. Jacob, a prisoner in the Nebraska State Penitentiary, filed a 42 U.S.C. § 1983 complaint in federal court against Harold Clarke, Director of the Nebraska Department of Corrections.  Jacob asserted an Eighth Amendment violation from a new prison policy stating that inmates infected with HIV, Hepatitis B, or Hepatitis C are not restricted from working in the prison food service.  Jacob sought an injunction to change the policy or to require mental screening of infected inmates who work in food service to prevent acts of intentional food contamination.  Jacob also sought monetary damages to compensate him for the

cost of purchasing food from the canteen. The policy was instituted on May 14, 2002, and Jacob stopped eating food from the kitchen on July 18, 2002.

Clarke moved to dismiss the complaint on the grounds that Jacob lacked standing and the complaint failed to state a claim. See Fed. R. Civ. P. 12(b)(1), (6) (2005). The district court[1] granted the motion, concluding that Jacob has no standing to challenge the policy because he has not alleged any actual injury or pervasive risk of injury to set forth a colorable claim under § 1983 and that the complaint provides no indication that Clarke acted with deliberate indifference to the risk of exposing Jacob to a communicable disease. The district court filed its judgment dismissing the complaint on August 7, 2003.

Jacob filed a timely Rule 59(e) motion to alter or amend the judgment on August 19, 2003, asserting that the court failed to liberally construe his complaint and failed to allow him an opportunity to amend his complaint. Jacob sought to add to the complaint a claim that although the prison has now implemented a policy of psychological screening of infected inmates, the policy still permits even those diagnosed with depression to work in food service, and that one infected inmate was forced to work in the food service area against his wishes. Jacob also sought to add the Warden and Associate Warden as defendants.

On October 24, 2003, while this motion was pending, the district court ordered Clarke to file a brief in response to the motion to alter or amend. Clarke did not file a brief. On March 19, 2004, the district court denied Jacob's motion. After this denial, Jacob had 30 days in which to file an appeal from the final judgment and the order denying his Rule 59(e) motion to alter or amend. Jacob did not file a notice of appeal at that time.

---

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

Instead, Jacob filed another motion to alter or amend the judgment, citing both Rule 59(e) and Rule 60(b), and again sought leave to amend the complaint. In this motion, he alleged that he was now suffering elevated liver enzymes as shown in a blood test, which he states is symptomatic of Hepatitis; pain in his abdomen; and a gallbladder problem that may require surgery. On June 16, 2004, the district court denied this second motion to alter or amend the judgment as an untimely Rule 59(e) motion. Jacob filed a notice of appeal on June 21, 2004, intending to appeal the district court's judgment, dated August 7, 2003, dismissing his complaint; the order, dated March 19, 2004, denying his first Rule 59(e) motion; and the June 16, 2004, order denying his second motion.

We dismiss the appeal for lack of jurisdiction due to Jacob's failure to file a timely notice of appeal. Generally, a notice of appeal must be filed within 30 days after entry of the judgment or order that is the subject of the appeal. Fed. R. App. P. 4(a)(1)(A) (2005). This time for appeal may be tolled in certain instances. A postjudgment motion under either Rule 59(e) or 60(b), filed within 10 days of judgment, will toll the time for appeal. Fed. R. App. P. 4(a)(4)(A); United States v. Duke, 50 F.3d 571, 574 (8th Cir.), cert. denied, 516 U.S. 885 (1995). Jacob successfully tolled the appeal time by initially filing a timely Rule 59(e) motion following the district court's dismissal of his complaint, but he then failed to file a notice of appeal within 30 days of the district court's order of March 19, 2004, disposing of the first Rule 59(e) motion.

Jacob does not argue that his notice of appeal was timely as to the original judgment, but he contends that the "unique circumstances" doctrine applies to save his appeal. The equitable exception to timely filing, known as the unique circumstances doctrine, is construed narrowly. See Charles v. Barnhart, 375 F.3d 777, 781-82 (8th Cir. 2004). This doctrine "permits an appeal from an untimely Rule 59(e) motion when the district court 'specifically assures' a party that its motion is timely, and the party relies upon that assurance in failing to file a timely notice of

appeal." Id. at 782 (emphasis supplied). We have also applied the doctrine to permit a late appeal in circumstances where an action of the district court has "lulled [the appellant] into inactivity." Sidebottom v. Delo, 46 F.3d 744, 750 (8th Cir.), cert. denied, 516 U.S. 849 (1995). There are no "unique circumstances" here to render timely either the second motion or the notice of appeal filed after the second motion. Jacob contends that he delayed filing because Clarke did not comply with the district court's order to file a brief while the first motion to alter or amend was pending. The fact that the district court entered a final order without enforcing its request for a brief is not the type of unique circumstance that could lull a litigant into failing to file a timely appeal from the final order. No action by the district court indicated that its order of March 19, 2004, was not final. Absent a timely notice of appeal or an applicable exception, this court lacks jurisdiction over the original dismissal of Jacob's complaint as well as over the denial of the first Rule 59(e) motion.

The district court denied Jacob's second Rule 59(e) motion as untimely because it was not brought within 10 days of the judgment. The district court had no jurisdiction to entertain an untimely Rule 59(e) motion and, likewise, this court has no jurisdiction to consider even a timely appeal from an untimely Rule 59(e) motion. See Arnold v. Wood, 238 F.3d 992, 998 (8th Cir.), cert. denied, 534 U.S. 975 (2001); Garrett v. United States, 195 F.3d 1032, 1033-34 (8th Cir. 1999).

Jacob asserts that his second motion to alter or amend was in fact a timely Rule 60(b) motion based upon newly discovered evidence, which such motion may be filed up to a year after the judgment. To the extent that Jacob's second motion was filed under Rule 60(b), we have jurisdiction to consider only whether the district court abused its discretion by denying Rule 60(b) relief. Arnold, 238 F.3d at 998. We note that an appeal from the denial of a Rule 60(b) motion does not raise the underlying judgment for our consideration but only the merits of the Rule 60(b) motion. Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004).

For the reasons that follow, we conclude that considering the second motion to alter or amend as having been brought under Rule 60(b), the district court did not abuse its discretion in denying relief. See United States v. Wells, 347 F.3d 280, 287 (8th Cir. 2003) (noting that it is well-settled that we may affirm the district court on any basis that is supported by the record), cert. denied, 124 S. Ct. 2435 (2004). To prevail on a Rule 60(b) motion based on newly discovered evidence, the evidence must have been discovered after trial in the exercise of due diligence, the evidence must be material and not merely cumulative or impeaching, and a new trial considering the evidence would probably result in a different outcome. See McCormack v. Citibank, N.A., 100 F.3d 532, 542 (8th Cir. 1996).

Jacob's new evidence includes symptoms and medical reports dating three months or more after the judgment of August 7, 2003.[2] The reports do not include any diagnosis that Jacob currently suffers from HIV, Hepatitis B, or Hepatitis C. The new evidence demonstrates that Jacob has been suffering from abdominal pain, an elevated liver enzyme level (which he states is symptomatic of Hepatitis), and a gallbladder problem that may require surgery.

---

[2]Clarke contends that the evidence offered was not "newly discovered" within the meaning of Rule 60(b) because new evidence in this context must be evidence that existed at the time of trial but was not discoverable at that time due to some excusable reason. See Swope v. Siegel-Robert, Inc., 243 F.3d 486, 498 (8th Cir.) (stating,"Rule 60(b) permits consideration only of facts which were in existence at the time of trial"), cert. denied, 534 U.S. 887 (2001); see, e.g., Betterbox Communications Ltd. v. BB Tech., Inc., 300 F.3d 325, 331 (3d Cir. 2002) (evidence must have been in existence at the time of trial to be considered "newly discovered" under Rule 60(b)); NLRB v. Jacob Decker & Sons, 569 F.2d 357, 364 (5th Cir. 1978) (holding that "newly discovered" evidence must be that which existed at the time of trial but for an excusable reason was not discoverable until later). Clarke argues that Jacob's medical symptoms and records were not in existence until three months after judgment, and therefore they do not qualify as "newly discovered" for Rule 60(b) purposes. We express no views on this argument because of our conclusion that in any event, the evidence would not have produced a different outcome.

A prisoner may state a cause of action under the Eighth Amendment by alleging that prison officials have, with deliberate indifference, exposed him to a serious, communicable disease that poses "an unreasonable risk of serious damage to [the prisoner's] future health." See Helling v. McKinney, 509 U.S. 25, 33, 35 (1993). See also Glick v. Henderson, 855 F.2d 536, 539-40 (8th Cir. 1988) (noting that a prisoner could state a colorable § 1983 claim by showing "that there is a pervasive risk of harm to inmates of contracting" the communicable disease and "there is a failure of prison officials to reasonably respond to that risk") (internal quotations omitted). Jacob's new evidence does not sufficiently allege the existence of a pervasive or unreasonable risk of contracting HIV, Hepatitis B, or Hepatitis C from the food service workers. The evidence does not indicate that he has been exposed to HIV, Hepatitis B, or Hepatitis C through the food supply or that there is a serious risk of such exposure. Jacob's fears of possible infection from the prison food service because of the prison's new policy remain speculative at best. Further, the new evidence does not allege that the prison's policy is contrary to any particular medical guidelines. See Glick, 855 F.2d at 539 (dismissing a complaint seeking segregation of AIDS infected inmates, noting that the complaint did not state a claim because "[t]here is not the slightest indication of what the officials are doing or not doing that is not in accord with proper practice as established by medical guidelines," and the complaint was "based on unsubstantiated fears"). In fact, neither HIV nor Hepatitis B or C are listed by the Department of Health and Human Services as diseases that can be transmitted through handling the food supply. See 69 Fed. Reg. 59237 (Oct. 4, 2004). Jacob's allegations do not state either an injury in fact or any pervasive risk of potential injury from the new policy.

Finally, because the district court dismissed the complaint without prejudice, Jacob is not jeopardized. He is free to bring suit whenever he can allege the existence of sufficient facts to demonstrate an unreasonable or "pervasive risk of harm to inmates" or to indicate "what the officials are doing or not doing that is not in accord with proper practice as established by medical guidelines." Glick, 855 F.2d at 539.

Accordingly, we dismiss for lack of jurisdiction the appeal from the district court's dismissal of Jacob's complaint and denial of his Rule 59(e) motions.  We affirm the district court's denial of relief under Rule 60(b).

_____