# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2828

_____

LeRoy K. Wheeler,                            *
                                             *
              Appellant,                     *
                                             *    Appeal from the United States
       v.                                    *    District Court for the
                                             *    District of North Dakota.
Tim Schuetzle; Leann K. Bertsch;             *
State of North Dakota,                       *         [UNPUBLISHED]
                                             *
              Appellees.                     *

_____

Submitted: March 24, 2010
Filed:  March 29, 2010

_____

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Inmate LeRoy K. Wheeler (Wheeler) brought a 42 U.S.C. § 1983 action claiming prison staff retaliated against him and disclosed his confidential communications to other inmates. As relevant, the district court[1] granted adverse summary judgment, dismissing Wheeler's retaliation claim without prejudice for failure to exhaust administrative remedies and dismissing his disclosure claim with

---

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota, adopting the report and recommendations of the Honorable Charles S. Miller, Jr., United States Magistrate Judge for the District of North Dakota.

prejudice for failure to raise any triable issue. On appeal, Wheeler contends the court erred in denying him leave to amend his complaint and in granting summary judgment.

We find no reversible error in the denial of Wheeler's first motion to amend his complaint to add allegations about the prison's photocopying policy and its policy regarding inmates with infectious diseases working in the kitchen. See Holloway v. Dobbs, 715 F.2d 390, 393 n.3 (8th Cir. 1983) (per curiam) (concluding any error in denying leave to amend the complaint before a responsive pleading was filed was harmless, because the amended complaint failed to state a claim); see also Lewis v. Casey, 518 U.S. 343, 348-49 (1996) (holding that a prisoner bringing an access-to-courts claim must show the alleged inadequacies in the prison policy caused an actual injury); Jacob v. Clarke, 129 Fed. Appx. 326, 330 (8th Cir. 2005) (unpublished per curiam) (dismissing an appeal for lack of jurisdiction where an inmate could not allege facts sufficient to demonstrate an unreasonable or "pervasive risk of harm" caused by a prison's policy of allowing inmates with HIV or hepatitis to work in its kitchen). We also find no error in the denial of the second motion to amend, which sought reconsideration of the previously proposed amendments and purported to add new claims without alleging any new facts. See In re NVE Corp. Sec. Litig., 527 F.3d 749, 752 (8th Cir. 2008) (reviewing de novo a denial of leave to amend based on futility); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (requiring a pro se complaint to contain specific facts supporting its conclusions). We find no abuse of discretion in the denial of Wheeler's third motion to amend, filed after the amendment deadline. See Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497-98 (8th Cir. 2008).

Having carefully reviewed the record, we agree with the district court that Wheeler failed to exhaust administrative remedies before bringing his retaliation claim; and there is no evidence prison staff prevented exhaustion. See Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) (holding that 42 U.S.C. § 1997e(a) requires

an inmate to exhaust available administrative remedies before filing suit; otherwise, dismissal is mandatory). We also agree Wheeler failed to raise a genuine issue of material fact as to his disclosure claim. See Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006) (reviewing a grant of summary judgment de novo). We affirm.

_____