# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1563

_____

| | | |
|---|---|---|
| Richard T. Arnold, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri |
| Gael D. Wood, Drema L. Grant, | * | |
| Daniel M. Buescher, the Law Firm of | * | |
| Eckelkamp, Eckelkamp, Wood and | * | [TO BE PUBLISHED] |
| Kuenzel, Angela D. Wieda, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 9, 2001

Filed: January 29, 2001

_____

Before LOKEN, HEANEY, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Richard T. Arnold failed to attend his scheduled deposition. The district court ordered Arnold to appear at a subsequent deposition, but he again failed to appear. The court then dismissed Arnold's complaint with prejudice, and Arnold appealed. We dismiss the bulk of the appeal for lack of appellate jurisdiction; we affirm the district court's judgment with respect to the one matter within our purview.

I

In October 1998, while living in Guam, Arnold filed a complaint in federal court in Missouri against a law firm and several residents of Franklin County. The complaint alleged that the defendants swindled Arnold as part of a fraudulent real estate transaction. The case stalled while Arnold amended his complaint several times; the defendants filed multiple motions to dismiss in response to each new pleading. It appears from the record that Arnold's prosecution of the case was hindered by his distance from Missouri and his inability to obtain the assistance of counsel.

The district court ultimately dismissed Arnold's complaint with prejudice on December 3, 1999[1] after Arnold failed to appear at a court-ordered deposition. Arnold filed a notice of appeal on December 20, 1999, but he formally withdrew the appeal within days. On December 21, the district court docketed a motion from Arnold. The motion sought to alter or amend judgment under Fed. R. Civ. P. 59(e), and to reconsider the court's judgment under Fed. R. Civ. P. 60(b). The district court denied the post-judgment motion by written order on January 14, 2000. Arnold filed a notice of appeal on February 14, 2000.

II

We are required to ascertain the existence of jurisdiction, whether subject-matter or appellate, at the outset of an appeal. We must resolve outstanding questions of jurisdiction before proceeding to analyze the merits. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). It is our obligation to notice jurisdictional infirmities, whether the parties notice them or not. See id. at 94 ("'On every writ of error or appeal, the first and fundamental question is that of jurisdiction, . . . . [t]his question the court is bound to ask and answer for itself, even when not otherwise

_____

[1]The judgment was formally entered into the docket on December 6, 1999.

suggested, and without respect to the relation of the parties to it.'") (quoting <u>Great S. Fire Proof Hotel Co. v. Jones</u>, 177 U.S. 449, 453 (1900)).

A

In most private civil cases, an appellant must file a notice of appeal within thirty days of the district court's final judgment. Fed. R. App. P. 4(a)(1)(A). This requirement is jurisdictional in character, and without its satisfaction we may not delve into the merits of a case. <u>Budinich v. Becton Dickinson & Co.</u>, 486 U.S. 196, 203 (1988).

The district court dismissed Arnold's complaint with prejudice on December 6, 1999. Arnold filed a notice of appeal on February 14, 2000, more than two months after the court entered judgment. Although Arnold's notice of appeal was filed long after the thirty-day period had elapsed, we must explore two exceptions to the thirty-day rule that could excuse untimeliness.

1

An appellant tolls the thirty-day period by filing post-judgment motions under Federal Rules of Civil Procedure 59(e) and 60, respectively, within ten days of the entry of judgment. Fed. R. App. P. 4(a)(4)(A)(iv) & (vi). Arnold did in fact move for post-judgment relief in the district court under Rules 59(e) and 60(b). But defendants argue that Arnold may not avail himself of these tolling provisions because his motions were filed outside the ten-day window specified in Rule 4(a)(4)(A).

The district court filed its judgment on Friday, December 3. The judgment was not entered, however, until the following Monday, December 6. The entry of judgment, not the filing date, is critical in ascertaining the timeliness of an appeal. <u>See</u> Fed. R. App. P. 4(a)(7); <u>Dring v. McDonnell Douglas Corp.</u>, 58 F.3d 1323, 1326-27

-3-

(8th Cir. 1995). The district court docketed Arnold's post-judgment motions on December 21, fifteen days after the court entered judgment. We reduce the fifteen-day period by four days by excluding intermediate Saturdays and Sundays (December 11,12,18, and 19). See Fed. R. Civ. P. 6(a). Even after subtracting those weekend days, however, Arnold's motion was still filed late: eleven days after the court entered judgment.[2]

Arnold contends that his post-judgment motion was delivered to the district court clerk on December 20, not December 21. Arnold points to a United States Postal Service tracking receipt, which shows delivery of an "item" in St. Louis on December 20. Arnold's protestations notwithstanding, the tracking receipt does not prove that Arnold filed his post-judgment motion with the district court clerk on December 20. For one thing, the tracking receipt does not even indicate the clerk's address. All the receipt proves is that an "item" addressed to an undetermined person or organization in St. Louis arrived on December 20. Moreover, even if we assume that the "item" was addressed to the clerk, the tracking receipt doesn't clarify that the "item" was in fact Arnold's post-judgment motion. The "item" might well have been Arnold's abortive notice of appeal, which, the docket clearly notes, was filed on December 20.

In the absence of reliable evidence to the contrary, we presume the accuracy of the district court clerk's docket entries. See MacNeil v. State Realty Co. of Boston, Inc., 229 F.2d 358, 359 (1st Cir. 1956) ("It may perhaps be that an erroneous entry . . . was made by the clerk of the court below. But we do not consider the affidavit of the appellant standing alone sufficient to outweigh the respect to be accorded in this court to the docket entries certified for appeal by the clerk of the District Court."); cf.

---

[2]We may not extend Arnold's filing time by three days for mail service, see Fed. R. Civ. P. 6(e), because the ten-day filing period prescribed in Rule 59(e) runs from the entry of judgment, rather than its service upon the parties. FHC Equities, L.L.C. v. MBL Life Assurance Corp., 188 F.3d 678, 681-82 (6th Cir. 1999) (collecting cases).

<u>Ark. Motor Coaches, Ltd., Inc. v. Comm'r of Internal Revenue</u>, 198 F.2d 189, 191 (8th Cir. 1952) (explaining that the presumption of accuracy in favor of docket entries may be rebutted only by a stronger presumption such as the "mailbox rule"). Arnold's motion bears the following stamp from the clerk: "Received: December 21, 1999." Arnold's supposed proof of delivery on December 20 is imprecise and uncertain. Thus Arnold has not overcome the presumption that the docket accurately reflects the date on which he filed his post-judgment motion.

Because Arnold's post-judgment motion was filed eleven days after the entry of judgment, the motion didn't trigger the appeal-tolling provisions in Fed. R. App. P. 4(a)(4)(A)(iv) & (vi).

2

A generation ago, the Supreme Court crafted an equitable exception to the strict timing provisions for notices of appeal. A Court of Appeals may toll the notice of appeal period if the district court erroneously believed that a litigant's Rule 59(e) motion was timely filed, and the litigant relied upon the court's express representation that the motion was timely filed. <u>Thompson v. INS</u>, 375 U.S. 384, 386-87 (1964) (per curiam). In a later case, the Court explained that, "[b]y its terms, <u>Thompson</u> applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." <u>Osterneck v. Ernst & Whinney</u>, 489 U.S. 169, 179 (1989).

This equitable exception has come to be known as the "unique circumstances" doctrine. <u>See, e.g.</u>, <u>Schwartz v. Pridy</u>, 94 F.3d 453, 456 (8th Cir. 1996). At least one circuit has complained that an equitable exception has no place amidst a well-ordered scheme of timing rules. <u>Kraus v. Consol. Rail Corp.</u>, 899 F.2d 1360, 1363-65 (3d Cir. 1990). Likewise, four Justices of the Supreme Court have noted their opposition to the

doctrine, and questioned its continuing vitality in view of several intervening Court decisions mandating strict adherence to time limits. See Houston v. Lack, 487 U.S. 266, 282-83 (1988) (Scalia, J., dissenting). Because the Court has not yet formally repudiated Thompson, however, we must apply the doctrine if the circumstances so require. Schwartz, 94 F.3d at 456 n.3.

Since the doctrine is equitable in character, we must interpret it narrowly, and apply it sparingly, lest its operation defeat the statutory scheme of appellate jurisdiction crafted by Congress. See Kraus, 899 F.2d at 1365. If this doctrine were broadly interpreted, its operation would undoubtedly conflict with the delicate balance between Rules 59(e) and 6(b) of the Federal Rules of Civil Procedure and Rule 4(a) of the Federal Rules of Appellate Procedure. Compare Fed. R. Civ. P. 59(e) (permitting ten days in which to file a motion to alter or amend judgment) & 6(b) (prohibiting a district court from extending the ten-day period) with Fed. R. App. P. 4(a)(4)(A)(iv) (tolling the time for filing a notice of appeal if a party timely files a Rule 59(e) motion).

As it stands, the "unique circumstances" doctrine veers perilously close to the legal quicksand created by Rules 59(e) and 6(b). The doctrine permits an appeal from an *untimely* Rule 59(e) motion, when the district court "specifically assures" a party that its motion is timely, and the party relies upon that assurance in failing to file a timely notice of appeal. Osterneck, 489 U.S. at 179; Thompson, 375 U.S. at 386-87. At first blush, it's rather difficult to square the doctrine with Rule 6(b). See Bailey v. Sharp, 782 F.2d 1366, 1371 (7th Cir. 1986) (Easterbrook, J., concurring). The "unique circumstances" doctrine permits a Court of Appeals to consider a late-filed Rule 59(e) motion in determining appellate jurisdiction. In contrast, Rule 6(b) expressly forbids a district court from considering a late-filed Rule 59(e) motion. Why should an untimely filing be fatal to the *motion*, but not to an *appeal* which relies on the motion having been timely filed?

The answer to this conundrum lies in the distinction that, in "unique circumstances" cases, the district court *itself* is unaware of a timing defect. The doctrine rescues an appellant from a district court's error because the appellant ought not to pay the price for the district court's gaffe. The *sine qua non* of the "unique circumstances" doctrine, then, is a district court's misconception that an untimely post-judgment motion is timely. For if the district court knows that an appellant's Rule 59(e) motion is untimely, yet nevertheless assures the appellant that the motion is timely, the court acts ultra vires. Cf. Fed. R. Civ. P. 6(b) (prohibiting extensions of time to file Rule 59(e) motions). In that instance, though the appellant may rely upon the district court's action, the *equitable* aspect of the "unique circumstances" doctrine is absent because the district court purposefully acted without authority to do so. In sum, the "unique circumstances" doctrine is appropriately cabined to instances in which the district court is unaware of the untimeliness of a post-judgment motion, and the appellant relies upon the court's erroneous representation that the motion is timely. To expand the doctrine to include cases where the district court realized the timing infirmity would invite the evisceration of Congress's carefully-planned scheme of federal jurisdiction.

Arnold contends that the "unique circumstances" doctrine applies because the district court failed to perceive that his Rule 59(e) motion was untimely. We disagree. A careful examination of the record reveals that the district court did appreciate Arnold's timing problem from the outset; as a consequence, Arnold finds no safe harbor in the "unique circumstances" doctrine. The district court must have known that Arnold's Rule 59(e) motion was untimely because, on the very day that Arnold filed his post-judgment motion, the court granted Arnold "leave" to file the motion. By granting leave, the court manifested its understanding that Arnold's motions were filed *late*. If the district court had instead believed that Arnold's motions were timely filed, the court needn't have granted leave at all; Arnold could have filed the motion as a matter of right under Rule 59(e). Leave to file was necessary only because Arnold's motion was untimely. Because the district court fully appreciated that Arnold's act had

not "been properly done," <u>Osterneck</u>, 489 U.S. at 179, the "unique circumstances" doctrine does not apply.

Arnold's appeal from the December 6, 1999 judgment of the district court was untimely and we therefore lack the power to consider it.

B

Arnold may, at least in theory, appeal separately the denial of his post-judgment motion under Rules 59(e) and 60 detached from the underlying judgment on the merits. <u>See</u> <u>Sanders v. Clemco Indus.</u>, 862 F.2d 161, 168-69 (8th Cir. 1988). To so appeal, Arnold must have filed a notice of appeal from the denial of that motion within thirty-days of the court's adverse rulings.

The district court denied Arnold's Rule 59(e) and Rule 60 motion on January 14, 2000. Arnold filed his notice of appeal (specifying that motion, among others things) on February 14, 2000 — 31 days after the court denied the motion. Arnold's ostensibly late filing, <u>see</u> Fed. R. App. P. 4(a)(1)(A) (requiring the notice of appeal to be filed within 30 days after the judgment is entered), is excused because the thirtieth day, February 13, 2000, fell upon a Sunday. <u>See</u> Fed. R. App. P. 26(a)(3) (excluding weekend days from consideration as the filing date). Thus Arnold's appeal from the denial of his post-judgment motion is timely.

1

Though the appeal is timely, we lack subject-matter jurisdiction to consider the appeal from the denial of the Rule 59(e) motion in particular. A Rule 59(e) motion must be filed within 10 days of the entry of judgment. As we explained earlier, the time period may not be extended by the court, nor by agreement of counsel. <u>See</u> Fed. R. Civ. P. 6(b). Arnold's Rule 59(e) motion was untimely because it was filed eleven

days after the district court's entry of judgment. Because the motion was late-filed, the district court lacked jurisdiction to consider it; consequently, we lack the power to review that court's decision, which is effectively a nullity. Garrett v. United States, 195 F.3d 1032, 1033-34 (8th Cir. 1999).

2

Unlike the Rule 59(e) motion, Arnold's Rule 60(b) motion was timely filed in the district court. See Fed. R. Civ. P. 60(b) (allowing a party to file such a motion within "a reasonable time," or within one year, depending on the type of motion). We may thus entertain his appeal solely on this point.

III

We review a district court's denial of relief under Fed. R. Civ. P. 60(b) only for abuse of discretion. Sanders, 862 F.2d at 169 (citing United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam)). Because Rule 60(b) cannot substitute for an appeal, Sanders, 862 F.2d at 170 & n.16, an appeal from the denial of a Rule 60(b) motion does not present the underlying judgment for our review. Id. at 169-70.

We conclude the district court did not abuse its discretion in this case. Arnold's Rule 60(b) motion largely reasserted contentions made in earlier motions. See Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999) (noting that Rule 60(b) is "not a vehicle for simple reargument on the merits"). In addition, Arnold failed to demonstrate exceptional circumstances warranting post-conviction relief. See Brooks v. Ferguson-Florissant Sch. Dist., 113 F.3d 903, 904 (8th Cir. 1997) (requiring a Rule 60(b) movant to demonstrate exceptional circumstances to justify relief). We therefore affirm the order of the district court. See 8th Cir. R. 47B(4).[3]

---

[3]We grant Arnold's motion to file a reply brief out of time.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.