# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1180

———————

Kathleen Reddick,                              *
                                               *
            Appellant,                         *
                                               *   Appeal from the United States
       v.                                      *   District Court for the
                                               *   Southern District of Iowa.
ConAgra, Inc.; ConAgra Frozen Foods,           *
A subsidiary of ConAgra, Inc.,                 *      [UNPUBLISHED]
                                               *
            Appellees,                         *
                                               *
Bakery, Confectionery, Tobacco                 *
Workers and Grain Millers Local 50-G,          *
                                               *
            Defendant.                         *

———————

Submitted: October 7, 2004
    Filed: October 14, 2004

———————

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

———————

PER CURIAM.

Kathleen Reddick appeals from the district court's[1] adverse grant of summary judgment in her employment-discrimination action, as well as from the court's subsequent denial of her Federal Rule of Civil Procedure 60(b) motion.

———————————————

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

In her January 2003 complaint, Reddick sought damages from her former employer, ConAgra, Inc. and ConAgra Frozen Foods (jointly, ConAgra), claiming reverse-race and gender discrimination under Title VII.[2]  During the summary judgment proceedings, both Reddick and ConAgra offered affidavits from ConAgra employee Charles Frazier.  After a hearing, the district court granted summary judgment to ConAgra on October 28, 2003, concluding that Reddick had not established a prima facie case of reverse-race or gender discrimination.  Further, even assuming the existence of a prima facie case, Reddick had not generated a fact question as to whether ConAgra's legitimate nondiscriminatory reason for terminating her was pretextual.

On November 20, 2003, Reddick moved, under Rule 60(b), to set aside judgment for fraud.  She contended that ConAgra had submitted a fraudulent affidavit from Frazier, without the existence of which she had established a prima facie case, as well as one based upon pretext.  She offered her counsel's attestation that she had been unable to meet with Frazier before the summary judgment hearing, along with a third affidavit from Frazier.

In opposing the motion, ConAgra relied in part on a fourth affidavit from Frazier, wherein he attested, among other things, that he did not believe ConAgra's counsel had willfully misrepresented his testimony.  After a hearing on the motion, the district court found no fraud and noted that it had not relied on Frazier's second affidavit (the one ConAgra had offered) in granting summary judgment.  The order denying the motion was entered on December 23, 2003, and on December 30 Reddick filed her notice of appeal (NOA) designating both the summary judgment ruling and the denial of the Rule 60(b) motion.

---

[2]The district court granted Reddick's motion to dismiss voluntarily the other defendant.

Reddick is precluded from challenging the adverse grant of summary judgment, because her November 20 Rule 60(b) motion was not filed within ten days of the October 28 entry of judgment, see Fed. R. App. P. 4 (a)(4)(A)(vi) (motion for relief under Rule 60 filed no later than 10 days after entry of judgment tolls time for filing NOA); Fed. R. Civ. P. 6(a) (computation of time); and she did not file her NOA until December 30, after her Rule 60(b) motion was denied, which was well beyond the thirty-day limit for filing a NOA from final judgment, see Fed. R. App. P. 4(a)(1)(A) (time limit for NOA in civil case). Accordingly, we have jurisdiction to consider only the denial of Reddick's Rule 60(b) motion. See Arnold v. Wood, 238 F.3d 992, 994-95 (8th Cir.) (timely NOA is mandatory and jurisdictional), cert. denied, 534 U.S. 975 (2001); United States v. Austin, 217 F.3d 595, 597 (8th Cir. 2000) (because timely NOA is jurisdictional, issue is raised sua sponte even if parties appear to concede jurisdiction).

To the extent Reddick has not waived a challenge to the Rule 60(b) ruling by failing to address it directly in her brief, see Harris v. Folk Constr. Co., 138 F.3d 365, 366-67 n.1 (8th Cir. 1998) (failure to assert in brief grounds for reversal of certain orders amounts to waiver of issues on appeal), we conclude that the district court did not abuse its discretion in denying Rule 60(b) relief, see Arnold, 238 F.3d at 998 (denial of relief under Rule 60(b) is reviewed for abuse of discretion; movant must establish exceptional circumstances to justify relief); Brooks v. Ferguson-Florissant Sch. Dist., 113 F.3d 903, 904 (8th Cir. 1997) (in reviewing denial of Rule 60(b) motion, court does not squarely consider merits of underlying order). Given the inconsistencies in Frazier's four affidavits and the substance of his fourth affidavit, it appears that any errors in Frazier's second affidavit were at most the result of misunderstandings and not fraud. See Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003) (to obtain relief from final judgment based upon fraud under Rule 60(b)(3), moving party must prove by clear and convincing evidence that adverse party obtained favorable judgment through fraud, misrepresentations, or other misconduct, and that conduct prevented moving party from fully presenting her case). Further, and most important, the district court stated

that it had not relied on the challenged affidavit in determining that ConAgra was entitled to summary judgment.

Accordingly, the judgment is affirmed.  <u>See</u> 8th Cir. R. 47B.

_____