# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2402

_____

William Bradford,                              *
                                               *
        Appellant,                           *    Appeal from the United States
                                               *    District Court for the
    v.                                         *    Eastern District of Missouri.
                                               *
Jamie Hickman; Alan Blake,                     *    [UNPUBLISHED]
                                               *
        Appellees.                           *

_____

Submitted: June 1, 2007
Filed: June 11, 2007

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

William Bradford appeals the district court's[1] order denying his motion to reconsider its denial of a preliminary injunction in his 42 U.S.C. § 1983 lawsuit. Whether Bradford's motion to reconsider was brought under Federal Rule of Civil Procedure 59(e) or 60(b), we find that the district court did not abuse its discretion by denying it. See Christensen v. Qwest Pension Plan, 462 F.3d 913, 920 (8th Cir. 2006) (clear-abuse-of-discretion standard of review for Rule 59(e) motion); Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001) (abuse-of-discretion standard of review for Rule

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

60(b) motion).  To the extent he was seeking Rule 60(b) relief, he gave no reason for his motion and merely restated arguments and declarations he had already made.  <u>See</u> <u>Arnold</u>, 238 F.3d at 998 (noting Rule 60(b) motion is not vehicle for simply rearguing merits).  To the extent he was seeking Rule 59(e) relief, he provided no basis to challenge the conclusion that he had not met his burden of proving a preliminary injunction should issue under the factors set forth in <u>Dataphase Sys., Inc. v. CL Sys., Inc.</u>, 640 F.2d 109, 113-14 & n.5 (8th Cir. 1981) (en banc).

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

_____