## United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 07-6030NE

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Richard F. Carlson, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Richard F. Carlson, | * | |
| | * | Appeal from the United States |
| Debtor-Appellant, | * | Bankruptcy Court for the District |
| | * | of Nebraska |
| v. | * | |
| | * | |
| Philip M. Kelly; | * | |
| | * | |
| Trustee-Appellee, | * | |
| | * | |
| Estate of Edna N. Carlson | * | |
| | * | |
| Interested Party-Appellee | * | |

_____

Submitted: June 20, 2007
Filed: July 24, 2007

_____

Before SCHERMER, VENTERS, MCDONALD, Bankruptcy Judges.

_____

VENTERS, Bankruptcy Judge.

Rule 47A(a) of the Eighth Circuit's Local Rules of Appellate Procedure, applicable to this Panel under L.R. B.A.P. 8th Cir. 8001A(b)(4), authorizes the *sua*

*sponte* summary disposition of an appeal if it is entirely without merit. A review of the record before us, albeit limited, supports a determination that this appeal is entirely without merit. Therefore, for the reason stated below, we affirm the decisions of the bankruptcy court.[1]

## I. STANDARD OF REVIEW

This is an appeal of two orders denying serial motions under Fed. R. Civ. P. 60(b) seeking the reconsideration of court orders. The denial of a Rule 60(b) motion is reviewed for an abuse of discretion.[2] An abuse of discretion will only be found if the bankruptcy court's judgment was based on clearly erroneous factual findings or on erroneous legal conclusions.[3]

## II. BACKGROUND

On April 11, 2006, the bankruptcy court entered an order approving a settlement between the Trustee-Appellee, Philip M. Kelly, and the Interested Party-Appellee, the Estate of Edna N. Carlson. One year and one day later, on April 12, 2007, the Debtor-Appellant, Richard F. Carlson ("Debtor"), filed a motion under Fed. R. Civ. P. 60(b) to reconsider that order. On May 15, 2007, the court denied the Debtor's Rule 60(b) motion, stating, "The order Mr. Carlson requests the court to reconsider...was entered on April 11, 2006. It is a final order and this court has no authority to reconsider it." The Debtor sought reconsideration of that order as well, which request the court summarily denied. The Debtor timely appealed the court's orders denying his serial motions for reconsideration.

---

[1]The Honorable Timothy J. Mahoney, United States Bankruptcy Judge for the District of Nebraska.

[2] *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001).

[3] *Chamberlain v. Kula* (*In re Kula*), 213 B.R. 729, 735 (B.A.P. 8th Cir. 1997).

## III. DISCUSSION

As noted above, a denial of a Rule 60(b) motion is reviewed for an abuse of discretion. In this case, the court denied the Debtor's first Rule 60(b) motion on the grounds that it "lacked authority" to reconsider the April 11, 2006 order approving the settlement between Philip M. Kelley and the Estate of Edna N. Carlson. Although the court's ruling is sparse, it is not an abuse of discretion because the time limit for bringing motions under Rule 60(b) based on newly discovered evidence and misrepresentation – which is what the Debtor's motion alleged – is one year,[4] and the Debtor's motion was filed more than a year after the entry of the April 11, 2006 order. It does not matter that the motion was filed only one day late. The strict application of a statute or rule cannot be considered an abuse of discretion unless that application leads to an absurd result, and the result here is not absurd – unfortunate, perhaps, but not absurd.

Our determination that the court properly denied the Debtor's first motion for reconsideration renders the Debtor's second motion for reconsideration moot.

---

[4] Fed. R. Civ. P. 60(b) provides in pertinent part:
**Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

3

## IV.  CONCLUSION

For the reasons stated above, we affirm the decisions of the bankruptcy court.

———————————