# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1358

_____

David Dill,                          *
                                     *
            Appellee,                *
                                     *   Appeal from the United States
      v.                             *   District Court for the
                                     *   Eastern District of Arkansas.
General American Life Insurance      *
Company; GenAmerica Financial        *
Corporation, originally sued as      *
GenAmerica Financial Services        *
Corporation,                         *
                                     *
            Appellants.              *

_____

Submitted: January 14, 2008
Filed:  May 2, 2008

_____

Before WOLLMAN and SMITH, Circuit Judges, and GRITZNER,[1] District Judge.

_____

SMITH, Circuit Judge.

Following a seven-day trial, a jury awarded David Dill damages on his negligent and fraudulent misrepresentation claims against General American Life Insurance Company ("General American"). Following the entry of judgment, General American filed a renewed motion for judgment as a matter of law, which the district

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

court[2] dismissed for lack of jurisdiction or, in the alternative, denied on the merits. General American appeals. We dismiss the appeal for lack of appellate jurisdiction.

## I. *Background*

Dill, an agent of General American for selling life insurance and other products, sued General American after two of Dill's clients cancelled their corporate-owned life insurance policies. Dill alleged that he lost substantial commission income because of General American's misrepresentations. General American counterclaimed, alleging breach of contract against Dill. After a seven-day trial, the jury found in favor of Dill on his negligent and fraudulent misrepresentation claims, and awarded him $250,000 in compensatory damages and $400,000 in punitive damages.[3] The district court entered judgment on the jury verdict on November 17, 2006.

On November 30, 2006, General American filed a motion for an extension of time to file a post-judgment motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b). Dill did not oppose the motion for extension,[4] and the district court granted the motion, extending the time to file the Rule 50(b) motion until December 8, 2006. General American filed its Rule 50(b) motion on December 8, 2006.

---

[2]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

[3]Dill had also asserted a RICO claim against General American, but the district court granted General American summary judgment on that claim prior to trial.

[4]General American's counsel contacted Dill's counsel prior to filing the extension motion, and Dill's counsel advised that he would not oppose the request. As a result, the motion for extension specified that Dill had no objection.

On January 19, 2007, Dill filed his response in opposition to the Rule 50(b) motion.[5] Dill addressed each of General American's arguments on the merits, but also argued, for the first time, that the district court lacked jurisdiction over the Rule 50(b) motion. Dill contended that the motion had not been timely filed within the 10-day period mandated by Federal Rules of Civil Procedure 50(b),[6] and 6(b)(2).[7] In raising the untimeliness issue, Dill's counsel acknowledged that he had not objected to General American's motion for extension, but asserted that during the course of his research in preparing Dill's response in opposition to the Rule 50(b) motion he discovered that the 10-day filing period could not be extended. Dill argued that the district court had no authority to extend the 10-day time period for filing the Rule 50(b) motion. Consequently, the district court's purported grant of the extension motion was a nullity, and the court lost jurisdiction once the 10-day period expired.

Upon review, the district court ultimately agreed with Dill. The court ruled that it had no authority to extend the 10-day period for filing the Rule 50(b) motion, and that it lacked jurisdiction to consider the Rule 50(b) motion because it was filed after the 10-day period expired. The district court further determined that, although it had

---

[5]Dill's response to General American's motion was originally due on December 22, 2006, but the court, upon an unopposed motion for extension, extended Dill's deadline for filing his response up to and including January 19, 2007. Dill's motion for extension stated that the request was "made in good faith, due to an exceptionally busy trial schedule of Plaintiff's counsel during the month of December and due to the intervening Christmas and New Year's Day holidays, and not for the purposes of delay."

[6]Federal Rule of Civil Procedure 50(b) states: "No later than 10 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law . . . ." The rule does not provide any exception to the 10-day post-judgment filing period. *Id.*

[7]Federal Rule of Civil Procedure 6(b)(2) states: "A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b), except as those rules allow."

authority, in general, to convert a Rule 50(b) motion to a motion for relief from judgment under Rule 60(b), because General American's motion did not allege grounds for relief under Rule 60(b) and because there was no showing of extraordinary circumstances, it could not properly construe the motion as one under Rule 60(b). Alternatively, the district court denied General American's Rule 50(b) motion on the merits. On February 13, 2007, four days after the district court's entry of judgment on the post-trial motion, General American filed its notice of appeal to this court.

## II. *Discussion*

"We are required to ascertain the existence of jurisdiction, whether subject-matter or appellate, at the outset of an appeal." *Arnold v. Wood*, 238 F.3d 992, 994 (8th Cir. 2001). In most private civil cases such as this one, a party wishing to appeal the judgment of the district court must file a notice of appeal within 30 days of the date the district court's final judgment is entered. Fed. R. App. P. 4(a)(1)(A); 28 U.S.C. § 2107; *Arnold*, 238 F.3d at 994–95. Because the 30-day period for filing an appeal is statutory, it is a "jurisdictional" requirement that must be met; it cannot be forfeited or waived. *Bowles v. Russell*, ___ U.S. ___, 127 S. Ct. 2360, 2366 (June 14, 2007). However, "[i]f a party *timely* files" a motion for judgment under Rule 50(b), the 30-day period for filing a notice of appeal is tolled until "the entry of the order disposing of the . . . motion." Fed. R. App. P. 4(a)(4)(A)(i). (emphasis added).

In this case, General American's notice of appeal was not filed within 30 days of the district court's entry of judgment on the jury verdict. Therefore, General American's appeal would be untimely, and we would lack jurisdiction over it, *Bowles*, 127 S. Ct. at 2366, unless the 30-day period for filing the notice of appeal was tolled by General American's Rule 50(b) motion. Fed. R. App. P. 4(a)(4)(A)(i).

A Rule 50(b) motion must be filed within 10 days after the entry of judgment. Fed. R. Civ. P. 50(b). General American's Rule 50(b) motion was not filed within the

10-day period provided by the rule, but it was filed within the extended time frame purportedly granted by the district court. However, the district court lacked authority to extend the time period beyond the 10-day period. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule[] 50(b) . . . except as [that] rule[] allow[s]"); Fed R. Civ. P. 50(b) (providing no exception to 10-day filing deadline for filing a renewed motion as matter of law); *see also Arnold*, 238 F.3d at 998 (holding that identical 10-day time period for filing post-judgment Rule 59 motion, "may not be extended by the court, nor by agreement of counsel").

General American, nonetheless, contends that the time limitations in Rules 50(b) and 6(b)(2) are not strict "jurisdictional" time limitations that must be followed; rather, it asserts that time limitations for filing a Rule 50(b) motion are actually "claim-processing" rules. General American argues that Dill forfeited the right to raise the untimeliness of the motion when he did not object to the motion for extension of time to file the Rule 50(b) motion. Dill, on the other hand, argues that even if the time period for filing the Rule 50(b) motion is not jurisdictional, he did not forfeit the untimeliness issue because he raised it before the district court ruled on the merits of the Rule 50(b) motion.

As the Supreme Court recognized in *Kontrick v. Ryan*, courts, including the Supreme Court, "have more than occasionally used the term 'jurisdictional' to describe emphatic time prescriptions in rules of court." 540 U.S. 443, 454 (2004). Thus, over the last few years, the Supreme Court has "undertaken to clarify the distinction between claims-processing rules and jurisdictional rules." *Bowles*, 127 S. Ct. at 2364; *see also Kontrick*, 540 U.S. at 455 ("Clarity would be facilitated if courts and litigants used the label 'jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority."); *Eberhart v. United States*, 546 U.S. 12, 18–19 (2005) (distinguishing between time limitations in jurisdictional rules and claim-processing rules). Time limitations in claim-processing

rules may be "inflexible" and "unalterable on a party's application," but they "can nonetheless be forfeited if the party asserting the rule waits too long to raise the point." *Kontrick*, 540 U.S. at 456; *see also Eberhart*, 546 U.S. at 19 ("[C]laim-processing rules thus assure relief to a party properly raising them, but do not compel the same result if the party forfeits them"). Jurisdictional time limits, on the other hand, cannot be waived or forfeited. *Kontrick*, 540 U.S. at 456; *Bowles*, 127 S. Ct. at 2366. Thus, we must first determine whether the inflexible time limitations of Federal Rules of Civil Procedure 50(b) and 6(b)(2) are claim-processing rules, which could have been forfeited by Dill if not timely raised, or whether they are unalterable, jurisdictional time limits. Then, if we conclude that the time limitations are claim-processing rules, we must determine whether Dill forfeited them or timely raised the issue.

Time limits proscribed by statute are jurisdictional, whereas court-promulgated rules and limits, which are not enacted by Congress, are properly classified as "claim-processing" rules. *See Bowles*, 127 S. Ct. at 2364–65 (noting "the jurisdictional distinction between court-promulgated rules and limits enacted by Congress"). In *Bowles*, the Supreme Court concluded that "[l]ike the initial 30-day period for filing a notice of appeal, the limit on how long a district court may reopen that period" is a jurisdictional rule set forth in statute. *Id.* at 2366 (citing 28 U.S.C. § 2107(c)). "Because Congress specifically limited the amount of time by which district courts can extend the notice-of-appeal period in § 2107(c), that limitation is more than a simple 'claim-processing rule.'" *Id.*

In *Kontrick*, on the other hand, the Supreme Court held that a creditor's failure to comply with the time requirements in Federal Rules of Bankruptcy Procedure 4004(a)[8] and 9006(b)(3) for filing an objection to discharge did not affect the

---

[8]Federal Rule of Bankruptcy Procedure 4004 requires that a complaint objecting to discharge must be filed "no later than 60 days after the first date set for the meeting of creditors." Although Rule 4004(b) allows that time to be extended for cause, the

bankruptcy court's jurisdiction over the objection when the debtor failed to raise the time limitations before the bankruptcy court reached the merits of the creditor's objection. 540 U.S. at 447. Critical to the Court's analysis was the fact that "[n]o statute . . . specifie[d] a time limit for filing a complaint objecting to the debtor's discharge." *Kontrick*, 540 U.S. at 448. Rather, the Court held that the filing deadlines in the Bankruptcy Rules were "procedural rules adopted by the Court for the orderly transaction of its business" that are "not jurisdictional." *Id.* 454. The Court noted the "critical difference between a rule governing subject-matter jurisdiction and an inflexible claim-processing rule." *Id.* at 456.

Likewise, in *Eberhart*, the Supreme Court, relying on *Kontrick*, held that the time limitations in Federal Rules of Criminal Procedure 33 and 45 were nonjurisdictional "claim-processing rules." 546 U.S. at 16. The Court stated:

> [U]sing language almost identical to Federal Rule of Criminal Procedure 45(b)(2)'s[9] admonition that "[t]he court may not extend the time to take any action under Rules 29, 33, 34, and 35, except as stated in those rules," Bankruptcy Rule 9006(b)(3) states that "[t]he court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules."
>
> It is implausible that the Rules considered in *Kontrick* can be nonjurisdictional claim-processing rules, while virtually identical provisions of the Rules of Criminal Procedure can deprive federal courts of subject-matter jurisdiction.

*Id.* at 15–16 (first alteration added).

motion to extend must be filed before the 60-day period has expired. Fed. R. Bankr. P. 4004(b). Rule 4004 provides no other exceptions to these timing rules.

[9]The language of Federal Rule of Criminal Procedure 45(b)(2) was amended effective December 1, 2005, and no longer reads as quoted. The amendment, however, has no bearing on the present case.

Thus, the Court concluded that Federal Rules of Criminal Procedure 33 and 45 were claim-processing rules that provided strict time limitations which "the district court must observe" when the rules "are properly invoked," but which may be forfeitable when not timely raised. *Id.* at 16–17.

Federal Rule of Civil Procedure 6(b)(2), at issue in this case, states that "[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b), except as those rules allow." This language is virtually identical to the language of Criminal Procedure Rule 45(b)(2) at issue in *Eberhart* and Bankruptcy Rule 9006(b)(3) at issue in *Kontrick*. Further, Criminal Procedure Rule 45(b), at issue in *Eberhart*, and Bankruptcy Rule 9006(b), at issue in *Kontrick*, were both "modeled on Federal Rule of Civil Procedure 6(b)." *Eberhart*, 546 U.S. at 19; *Kontrick*, 540 U.S. at 456, n.10. Moreover, Rule 50(b), like the rules in *Kontrick* and *Eberhart*, does not provide an exception to the time requirements stated within that rule. Fed. R. Civ. P. 50(b).

Because the time limitation provisions in Rules 6(b)(2) and 50(b) here, are virtually identical to the provisions at issue in *Kontrick* and *Eberhart*, we conclude that Federal Rules of Civil Procedure 6(b)(2) and 50(b) are nonjurisdictional claim-processing rules. *See Kontrick*, 540 U.S. at 456; *Eberhart*, 546 U.S. 12, 15–16; *see also Nat'l Ecological Foundation v. Alexander*, 496 F.3d 466 (6th Cir. 2007) (holding that Federal Rules of Civil Procedure 59(e) and 6 are claim-processing rules indistinguishable from those in *Kontrick* and *Eberhart*, that provide an affirmative defense to untimely filings if timely raised, but which may be forfeited if not timely raised); *Wilburn v. Robinson*, 480 F.3d 1140 (D.C. Cir. 2007) (holding that Fed. R. App. P. 4(a)(4)'s tolling provision for "timely file[d]" post-judgment motions is a claim-processing rule). Because of the similarities between these rules and those at issue in *Kontrick* and *Eberhart*, it would be "implausible" to rule otherwise. *Eberhart*, 546 U.S. at 16.

As the 10-day filing requirement in Rule 50(b) and the prohibition against extending that time period in Rule 6(b) are claim-processing rules with "inflexible" limits, *see Eberhart*, 546 U.S. at 19, the rules "assure relief to a party properly raising them." *Id.* However, because the rules are nonjurisdictional, these timeliness requirements may be forfeited if they are not timely raised. *Id.*; *Kontrick*, 540 U.S. at 456. Therefore, we must decide whether Dill timely raised the untimeliness of General American's Rule 50(b) motion. If he did, he is "assure[d] relief." *Eberhart*, 546 U.S. at 19. However, if Dill "wait[ed] too long to raise the point," *see Kontrick*, 540 U.S. at 456, as General American asserts, the defense was forfeited. *Id.*

"A party indisputably forfeits a timeliness objection based on a claim-processing rule if he raises the issue after the court has issued a merits decision." *Wilburn v. Robinson*, 480 F.3d 1140, 1147 (D.C. Cir. 2007); *see Kontrick*, 540 U.S. at 449–50 ("[n]o reasonable construction of complaint-processing rules would allow a litigant . . . to defeat a claim, as filed too late, after the party has litigated and lost the case on the merits"). In *Kontrick*, for example, the debtor did not raise a timeliness objection to the creditor's claims until he filed his motion for reconsideration, having made only merits arguments before the underlying judgment was entered, and the Supreme Court considered the timeliness defense forfeited. 540 U.S. at 449–50. Likewise, in *Eberhart*, the Court held that "where the Government failed to raise a defense of untimeliness until after the District Court had reached the merits, it forfeited that defense." 546 U.S. 19. In a similar case, the Sixth Circuit held that the timeliness defense was forfeited where the district court erroneously granted an unopposed motion to extend the time for filing a post-judgment Rule 59(e) motion and the opposing party—who did not raise the timeliness issue before the district court—raised the timeliness issue for the first time on appeal. *Alexander*, 496 F.3d at 476.

All of these cases, however, are distinguishable from the instant case because Dill raised the timeliness issue prior to the district court reaching the merits of the

Rule 50(b) motion. General American, however, contends that Dill forfeited the untimeliness defense because he did not raise it until it was too late for General American to take any corrective action.[10]

Dill raised the timeliness issue before the district court reached the merits of the Rule 50(b) motion but too late for General American to take corrective action. Because the district court had not ruled, we hold that Dill properly and timely raised the untimeliness defense and that the district court properly dismissed General American's Rule 50(b) motion for lack of jurisdiction. As a result, General American's late-filed Rule 50(b) motion did not toll its time for filing its notice of appeal. *See Arnold*, 238 F.3d at 996 (ruling that appellant's post-judgment motion, filed more than 10-days after the entry of judgment, did not toll the time for filing an appeal under Fed. R. App. P. 4(a)(4)(A)). Therefore, we lack jurisdiction over General American's appeal of the underlying case because it was filed more than 30 days after the district court's entry of judgment, which is a jurisdictional requirement that cannot be forfeited or waived, even for equitable reasons. *Bowles*, 127 S. Ct. at 2366.

---

[10]Dill did not object to General American's motion to extend the time to file its Rule 50(b) motion. After the motion for extension was granted and the Rule 50(b) motion filed, Dill was granted an unopposed motion for an extension of time to file his response to the motion. On January 19, 2007, Dill filed his response to the Rule 50(b) motion, raising the untimeliness of the Rule 50(b) motion for the first time. By that time, however, it was too late for General American to take any corrective action to timely file its appeal. *See* Fed. R. App. P. 4(a)(5) (providing that district court may extend the time to file a notice of appeal "if a party so moves no later than 30 days after" the 30-day time period prescribed by Rule 4(a) expires, and the party establishes excusable neglect). Because the original judgment was entered on November 17, 2006, the 30-day period for filing a notice of appeal under Rule 4(a) would have expired on December 17, 2006, but since that day was a Sunday, General American had until December 18, 2006, to file its notice of appeal. Fed. R. App. P. 26(a)(3). Therefore, General American had 30 days from December 18, 2006, to move for an extension of time to file its notice of appeal. Fed. R. App. P. 4(a)(5). That time period expired on January 17, 2007, two days before Dill's motion raised the issue.

We also decline General American's offer to invoke jurisdiction over this appeal under the "unique circumstances" doctrine established by the Supreme Court in *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215 (1962) and subsequently followed in *Thompson v. INS*, 375 U.S. 384 (1964),[11] as the Supreme Court expressly "overrule[d] *Harris Truck Lines* and *Thompson* to the extent they purport to authorize an exception to a jurisdictional rule." *Bowles*, 127 S. Ct. at 2366. We do not agree with General American's contention that the unique circumstances doctrine is still applicable to this case. Because the Rule 50(b) motion was not "timely file[d]" it did not toll the time for General American to file its notice of appeal. Fed. R. App. P. 4(a)(4)(A)(i); *see also Arnold*, 238 F.3d at 996 ("Because Arnold's post-judgment motion was filed eleven days after the entry of judgment, the motion didn't trigger the appeal-tolling provisions in Fed. R. App. P. 4(a)(4)(A)(iv) & (vi)"). Therefore, General American's notice of appeal was not timely filed. Fed. R. App. P. 4(a)(1)(A); 28 U.S.C. § 2107.

The Supreme Court "ma[d]e clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles*, 127 S. Ct. at 2366. "Because [the Supreme] Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate." *Id.* As the sole reason General American seeks to use the doctrine in the instant case is for the same purpose which the Supreme Court overruled it—to make an exception to the jurisdictional timing requirements for filing a notice of appeal—use of the doctrine here would be "illegitimate." *Id.*[12]

---

[11]"By its terms, *Thompson* applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179 (1989).

[12]The Supreme Court's overruling of *Harris Truck Lines* and *Thompson*, and thus the "unique circumstances" doctrine, "to the extent they purport to authorize an exception to a jurisdictional rule," *Bowles*, 127 S. Ct. at 2366, likewise overrules, to

Although this is a harsh and unfortunate result for General American, as it relied on the extension granted by the district court, General American is not without fault—a simple scan of Rule 6(b)(2) would have provided General American notice that the district court lacked authority to grant an extension of time to file the Rule 50(b) motion. *See Pinion v. Dow Chemical*, 928 F.2d 1522, 1534 (11th Cir. 1991) (ruling that appellant's reliance upon district court's unauthorized extension of time to file post-trial motion was not reasonable because "[s]imply scanning [Rule 6(b)] would have provided notice that there was an inconsistency between the Rule's text and the court's [extension] order"); *Panhorst v. United States*, 241 F.3d 367, 373 (4th Cir. 2001) ("Because a litigant has a duty to familiarize himself with the [Federal] Rules, which clearly prohibit an extension of time in which to file a Rule 59 motion, we cannot say that appellants' reliance on the district court's acceptance of the submitted order was reasonable"); *see also Fogel v. Gordon & Glickson, P.C.*, 393 F.3d 727, 731 (7th Cir. 2004) ("when a rule is unambiguous a litigant is not permitted to rely on erroneous advice, even by a court"). Moreover, "[i]f rigorous rules like the one applied today are thought to be inequitable, Congress may authorize courts to promulgate rules that excuse compliance with the statutory time limits." *Bowles*, 127 S. Ct. at 2367. But, for the reasons discussed above, "we lack present authority to make the exception [General American] seeks." *Id.*

Lastly, although in theory we would have retained jurisdiction to consider the district court's refusal to convert General American's Rule 50(b) motion to a Rule 60(b) motion,[13] an issue that General American included in its notice of appeal, we

---

the same extent, our prior decisions relying on the doctrine. Thus, *Charles v. Barnhart*, 375 F.3d 777 (8th Cir. 2004), upon which General American relies for the application of the unique circumstances doctrine, is no longer good law to the extent it permitted our court to deem an "untimely appeal" as timely filed. *Id.* at 782.

[13]If General American's Rule 50(b) motion were construed as a Rule 60(b) motion, it would have been timely filed, *see* Fed. R. Civ. P. 60(c) (allowing a party to file a Rule 60(b) motion within "a reasonable time," or within one year, depending on

find that General American waived this issue by not addressing it in its briefs or at oral argument, and we therefore decline to address it at this time. *See* Fed. R. App. P. 28(a)(9)(A) (mandating that appellant's brief include contentions, reasons for them, and citations to authorities and parts of record on which appellant relies).

### III. *Conclusion*

Accordingly, we dismiss the appeal for lack of jurisdiction.

_____

---

the grounds for relief alleged), and thus General American's notice of appeal on that issue would have been timely filed within 30 days of the district court's entry of judgment on the motion. *See Arnold*, 238 F.3d at 997–998 (entertaining appeal of Rule 60(b) motion because it was timely filed, even though court lacked power to consider appeal from underlying judgment because it was untimely).