# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2933

_____

Quinton L. Jenkins,                                  *
                                                     *
      Appellant,                                 *   Appeal from the United States
                                                     *   District Court for the
v.                                                   *   Southern District of Iowa.
                                                     *
Elizabeth Robinson,                                  *   [UNPUBLISHED]
                                                     *
      Appellee.                                  *

_____

Submitted: December 12, 2008
Filed: February 4, 2009

_____

Before BYE, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Iowa prisoner Quinton Jenkins filed a 42 U.S.C. § 1983 complaint in which he claimed that he was repeatedly denied parole without proper due process protections. The district court[1] dismissed the complaint prior to service of process, holding that Jenkins did not have a liberty interest in his parole. Following entry of judgment, Jenkins filed a motion for reconsideration, which the district court denied. Within thirty days thereafter, Jenkins filed his notice of appeal (NOA). We affirm.

_____

[1] The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

This appeal is not timely as to the order dismissing Jenkins's complaint, because his NOA was not filed within thirty days after entry of judgment, and his motion for reconsideration was not filed within ten days after entry of judgment so as to toll the time for filing an appeal. See Fed. R. App. P. 4(a)(1) (30 days to appeal in civil case), 4(a)(4) (tolling effect of certain post-judgment motions), 4(c) (prison mailbox rule). Thus, we have appellate jurisdiction only as to the order denying the motion for reconsideration, which we construe as a motion brought under Federal Rule of Civil Procedure 60(b). Upon careful review, we conclude that the district court did not abuse its discretion in denying the motion, because Jenkins did not demonstrate exceptional circumstances warranting relief. See Int'l Bhd. of Elec. Workers v. Hope Elec. Corp., 293 F.3d 409, 415 (8th Cir. 2002) (standard of review; appeals court does not review underlying order, and relief will be granted under only most exceptional circumstances); Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001) (Rule 60(b) cannot substitute for an appeal); Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1990) (Rule 60(b) is not vehicle for simple reargument on merits).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____