# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1861

_____

| | | |
|---|---|---|
| Larry Muldrow, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Department of Defense, | * | |
| Robert M. Gates, Secretary, | * | [UNPUBLISHED] |
| | * | |
| Appellee, | * | |
| | * | |
| ---------------------------------- | * | |
| | * | |
| Larry Muldrow, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  October 6, 2009
Filed:  October 7, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Larry Muldrow appeals the district court's[1] adverse grant of summary judgment in his action claiming violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., based on his race (African American); the Rehabilitation Act, 29 U.S.C. § 794, based on his disability (depression and mood disorder); and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq. For the reasons that follow, we affirm.

Muldrow, who worked at the Arkansas Army and Air Force Exchange Service at the Little Rock Air Force Base as an Exchange Safety & Security Assistant, was responsible for conducting surveillance at various facilities to detect acts of shoplifting. On January 2, 2000, Muldrow went to the "shoppette" on the base to get gas in his personal car, paid with his Deferred Payment Plan card, and left after signing a receipt that included a few items that he purchased inside but did not include the gas. He was terminated by supervisor Robert Pflager, who testified that Muldrow was terminated because he got gas and did not pay for it, that Pflager does not try to understand a person's intent for doing something, and that his "simple rule" is to terminate anyone who steals from him.

We find that the district court properly granted summary judgment for defendants. See Jacob-Mua v. Veneman, 289 F.3d 517, 520 (8th Cir. 2002) (de novo review). Muldrow did not establish a prima facie case as to either his Title VII or his Rehabilitation Act claim, as he did not show that employees outside his protected class were treated differently, or that he suffered an adverse action due to his disability. See Buboltz v. Residential Advantages, Inc., 523 F.3d 864, 868 (8th Cir. 2008) (prima facie case for Rehabilitation Act claim); Shanklin v. Fitzgerald, 397 F.3d 596, 602 (8th Cir. 2005) (prima facie case for Title VII claim). Although Muldrow alleged that other employees were allowed to resign rather than being terminated after

[1]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

-2-

committing theft, there is no indication that Muldrow would not have been allowed to resign before his final termination. Further, Pflager provided a legitimate nondiscriminatory reason for terminating Muldrow, see Gilbert v. Des Moines Area Cmty. Coll., 495 F.3d 906, 916 (8th Cir. 2007) (federal courts do not review wisdom or fairness of employer's judgments except to the extent they involve intentional discrimination), and Muldrow has not rebutted the reason. To the extent Muldrow is claiming separate violations for actions not specifically related to his termination, they do not amount to adverse employment actions. See Jackson v. UPS, Inc., 548 F.3d 1137, 1141-42 (8th Cir. 2008) (adverse employment action is one that produces material employment disadvantage).

The district court also properly granted summary judgment on Muldrow's retaliation claim, as he did not raise the claim in his EEOC complaint, see Wedow v. City of Kansas City, Mo., 442 F.3d 661, 672-73 (8th Cir. 2006) (retaliation claims are not reasonably related to underlying discrimination claims for purposes of exhaustion), and the court correctly found that Muldrow's FTCA claim was time-barred, see T.L. ex rel. Ingram v. United States, 443 F.3d 956, 961 (8th Cir. 2006) (FTCA claim must be filed with appropriate agency within 2 years after claim accrues). The district court also did not err in denying Muldrow's motion to set aside the judgment, see Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001), or in directing Muldrow to file an amended complaint. Finally, the district court did not abuse its discretion in denying Muldrow's recusal motions. See United States v. Ruff, 472 F.3d 1044, 1046 (8th Cir. 2007).

Accordingly, the judgment is affirmed. Muldrow's motions to dismiss his FTCA claim without prejudice and for oral argument are denied.

_____