# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2917

_____

| | | |
|---|---|---|
| Albert Ray Steward, III, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| H & R Block Financial Advisors, Inc., | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: March 18, 2010
Filed: April 6, 2010

_____

Before RILEY,[1] Chief Judge, BYE and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Appearing pro se, Albert Steward appeals the district court's dismissal of his petition to vacate an arbitration award. As a preliminary matter, this court has an obligation to consider it own jurisdiction. See Thomas v. Basham, 931 F.2d 521, 522-23 (8th Cir. 1991). We conclude that we lack jurisdiction to review the dismissal order because Steward's notice of appeal was not timely filed under the Federal Rules of Appellate Procedure. See Bowles v. Russell, 551 U.S. 205, 214 (2007) (timely filing of notice of appeal in civil case is jurisdictional requirement).

_____

[1]The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

The district court entered judgment on May 28, 2009, and the prescribed deadline for filing a notice of appeal was June 27, 2009. See Fed. R. App. P. 4(a)(1)(A) (in civil case, notice of appeal must be filed with district court clerk within 30 days after judgment appealed from is entered). On June 26, 2009, Steward timely filed a motion under Federal Rule of Appellate Procedure 4(a)(5) for an extension of time to file a notice of appeal. On July 1, 2009, the district court entered an order stating that Steward's notice of appeal was due by August 3, 2009. Steward filed his notice of appeal on August 3, 2009.

However, under the Federal Rules of Appellate Procedure, the deadline for filing the notice of appeal could not be extended beyond the later date between thirty days after the prescribed June 27 filing deadline and fourteen days after the July 1 order. See Fed. R. App. P. 4(a)(5)(C) (no extension under Rule 4(a)(5) may exceed 30 days after prescribed time to file notice of appeal or 14 days after date when order granting motion is entered, whichever is later), 26(b)(1) (court may not extend time to file notice of appeal except as authorized by Rule 4).

We therefore hold that the district court exceeded its authority when it extended the deadline to August 3; that Steward's notice of appeal, although filed in compliance with the district court's order, was nevertheless untimely under the federal rules; and that this court lacks appellate jurisdiction to review his appeal. Cf. Bowles, 551 U.S. at 206-08 (14-day limit for extending state prisoner's time to file notice of appeal was mandatory and jurisdictional; affirming appellate court's dismissal of appeal for lack of jurisdiction where district court had granted extension of notice of appeal filing deadline beyond time allowed by statute and appellant had filed notice of appeal in compliance with district court's order). Accordingly, we dismiss Steward's appeal for lack of jurisdiction.

BYE, Circuit Judge, concurring.

In <u>Arnold v. Wood</u>, this court recognized we may toll the notice of appeal period "where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." 238 F.3d 992, 996 (8th Cir. 2001) (citing <u>Osterneck v. Ernst & Whinney</u>, 489 U.S. 169, 179 (1989)). Such would appear to be the case here, where Albert Steward, by no fault of his own, relied on the district court's order granting him until August 3, 2009, to file his notice of appeal.

However, in <u>Bowles v. Russell</u>, a sharply divided Supreme Court held courts of appeals lack jurisdiction to hear an untimely appeal, even in cases where the district court erroneously extends a would-be appellant's time to file a notice of appeal beyond the time prescribed in the Rules of Appellate Procedure. 551 U.S. 205, 206-07 (2007). Although <u>Bowles</u> compels this panel to dismiss Steward's appeal, I write separately simply to echo Justice Souter's observation that "[i]t is intolerable for the judicial system to treat people this way." <u>Id.</u> at 215 (Souter, J., dissenting).

I concur in the court's judgment.

_____