BYE, Circuit Judge,
concurring.
In Arnold v. Wood, this court recognized we may toll the notice of appeal period “where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done.” 238 F.3d 992, 996 (8th Cir.2001) (citing Ostemeck v. Ernst & Whinney, 489 U.S. 169, 179, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989)). Such would appear to be the case here, where Albert Steward, by no fault of his own, relied on the district court’s order granting him until August 3, 2009, to file his notice of appeal.
However, in Bowles v. Russell, a sharply divided Supreme Court held courts of appeals lack jurisdiction to hear an untimely appeal, even in cases where the district court erroneously extends a would-be appellant’s time to file a notice of appeal beyond the time prescribed in the Rules of Appellate Procedure. 551 U.S. 205, 206-07, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). Although Bowles compels this panel to dismiss Steward’s appeal, I write separately simply to echo Justice Souter’s observation that “[i]t is intolerable for the judicial system to treat people this way.” Id. at 215, 127 S.Ct. 2360 (Souter, J., dissenting).
I concur in the court’s judgment.