# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1007

_____

United States of America

*Plaintiff - Appellee*

v.

Gregory Swecker, also known as Gregory R. Swecker, also known as Greg
Swecker; Beverly Swecker, also known as Beverly F. Swecker

*Defendants - Appellants*

Swecks, Inc.; Palisades Collection, LLC; State of Iowa, by serving Greene County
Attorney and Attorney General for the State of Iowa; Grand Junction Municipal;
Unifund CCR Partners; Midland Power Cooperative; State of Iowa, Greene
County Attorney

*Defendant*s

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted:  November 15, 2018
Filed: November 20, 2018
[Unpublished]

_____

Before BENTON, BOWMAN, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Gregory Swecker and Beverly Swecker appeal after the district court[1] adversely granted summary judgment in a foreclosure action brought by the United States of America, and denied their Federal Rule of Civil Procedure 60(b) motion challenging the summary judgment decision. The Sweckers have also filed two motions, both asking this court to take judicial notice of documents related to a separate matter.

We first conclude that our jurisdiction is limited to reviewing the district court's order denying the Sweckers' Rule 60(b) motion. See Fed. R. App. P. 3(c)(1)(B) (notice of appeal must designate judgment, order, or part thereof being appealed); USCOC of Greater Mo. v. City of Ferguson, 583 F.3d 1035, 1040 & n.4 (8th Cir. 2009) (discussing application of Rule 3(c)). We further conclude that the district court did not abuse its discretion in denying that motion, as the Sweckers did not show with clear and convincing evidence that the government had engaged in fraud or misrepresentation preventing them from fully and fairly presenting their case, and did not show exceptional circumstances warranting relief. See Fed. R. Civ. P. 60 (describing circumstances under which court may relieve party from final judgment or order); Browder v. Dir., Dept. of Corr. of Ill., 434 U.S. 257, 263 n.7 (U.S. 1978) (Rule 60(b) ruling is reviewed for abuse of discretion); Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001) (Rule 60(b) motion is not vehicle for simple reargument on merits, but instead requires showing of exceptional circumstances warranting relief); see also United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 935 (8th Cir. 2006) (to prevail on Rule 60(b)(3) motion, movant must show with clear and convincing evidence that opposing party engaged in fraud or misrepresentation that prevented movant from fully and fairly presenting movant's case).

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B.  We also deny the Sweckers' pending motions, as the documents at issue would not be helpful to our review.

_____