**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-2044

———————

JUAN FRANCISCO LIZARDO,

Appellant

v.

UNITED STATES OF AMERICA

———————

On Appeal from the District Court
of the Virgin Islands
(District Court  No. 3-02-cv-00155)
District Judge: The Honorable Curtis V. Gomez

———————

Submitted Under Third Circuit LAR 34.1(a)
May 3, 2010

Before: SMITH, CHAGARES, and JORDAN, *Circuit Judges*

(Filed: August 10, 2010)

1

Nelson L. Jones
Office of United States Attorney
United States Courthouse
5500 Veterans Building, Suite 260
Charlotte Amalie, St. Thomas, Virgin Islands, 00802
    *Counsel for Appellee*

Joseph A. DiRuzzo, III
Law Office of Marjorie Roberts
1 Hibiscus Alley
St. Thomas, Virgin Islands, 00802
    *Counsel for Appellant*

---

OPINION

---

SMITH, *Circuit Judge.*

Juan Francisco Lizardo was convicted of various drug crimes in the District of the Virgin Islands. He later petitioned for relief under 28 U.S.C. § 2255. The District Court denied his petition and he sought and received a certificate of appealability to this Court.[1] Three issues were certified for appeal, but the first is dispositive: whether Lizardo's untimely motion for

---

[1] The District Court had jurisdiction over Lizardo's § 2255 petition under 28 U.S.C. § 1331.

reconsideration, *see* Fed. R. Civ. P. 59(e), tolled the time for filing a notice of appeal, *see* Fed. R. App. P. 4(a)(4)(A).[2]

Rule 59(e)[3] is a claim-processing rule. Accordingly, a timeliness objection to a motion brought under that rule may be forfeited if it is not raised in the district court. In this case, Lizardo's untimely Rule 59(e) motion was decided, without objection, by the District Court. The Government, therefore, forfeited any timeliness objection it could have made at that stage of the litigation. The forfeiture in the District Court, however, did not render the Rule 59(e) motion timely for purposes of Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure.[4] The Government is free to challenge Lizardo's

---

[2] The other issues certified for appeal were whether Lizardo's notice of appeal was timely filed under the prison mailbox rule and whether the District Court applied the correct standard in evaluating Lizardo's claim that his trial counsel deprived him of the right to testify on his own behalf. Lizardo concedes the former issue and we lack jurisdiction to address the latter issue.

[3] Unless otherwise noted, all references to "Rule 59" refer to Rule 59 of the Federal Rules of Civil Procedure as it existed in 2008.

[4] Unless otherwise noted, all references to "Rule 4" refer to Rule 4 of the Federal Rules of Appellate Procedure as it existed in 2008.

3

reliance on Rule 4(a)(4)(A)'s tolling provision—which requires that the underlying Rule 59(e) motion that initiated the tolling have been timely filed, Fed. R. App. P. 4(a)(4)(A)—in this Court. As such, the Government's challenge in this Court to Lizardo's invocation of Rule 4(a)(4)(A)'s tolling provision is meritorious. Without the benefit of tolling, Lizardo's notice of appeal was untimely and his appeal must be dismissed for lack of jurisdiction. *See* Fed. R. App. P. 4(a)(1)(B).

I.

Lizardo was convicted of conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 846, conspiracy to import cocaine into the United States, *id.* § 963, and possession with intent to distribute, *id.* § 841(a)(1). On August 16, 2002, Lizardo moved to vacate his sentence under 28 U.S.C. § 2255. The District Court denied the petition on January 25, 2008. On February 29, 2008, Lizardo sought reconsideration, which was denied on March 17, 2008. A few weeks later, on April 7, 2008, Lizardo filed his notice of appeal, challenging the denial of his motion for reconsideration and his § 2255 petition. On May 16, 2008, Lizardo sought a certificate of appealability from this Court. We granted one on September 29, 2008.[5]

_____

[5] The certificate of appealability did not certify the issue of whether the District Court erroneously denied Lizardo's motion for reconsideration and Lizardo fails to raise that issue in this appeal. Therefore, we need not address it. 28 U.S.C. §

4

II.

In a civil case involving the United States, a notice of appeal must be filed within 60 days after the judgment or order appealed from is entered.  Fed. R. App. P. 4(a)(1)(B).  In some circumstances, where a party has timely filed a post-judgment motion in the district court, the deadline for filing a notice of appeal may be tolled until that motion has been decided:

(4)  Effect of a Motion on a Notice of Appeal.

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the

2253(c)(3); *Villot v. Varner*, 373 F.3d 327, 337 n.13 (3d Cir. 2004); 3d Cir. L.A.R. 22.1(b); *see* Fed. R. App. P. 28(a)(5).

5

time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered.

Fed. R. App. P. 4(a)(4).  At the time relevant to this appeal, Rule 59(b) required a party seeking reconsideration of an order to file its Rule 59(e) motion within ten days of that order.  Fed. R. Civ. P. 59(b).

In Lizardo's case, the following timeline of events unfolded:

| | |
|---|---|
| January 25, 2008 | The District Court denied Lizardo's § 2255 petition. |
| February 8, 2008 | Deadline for filing a motion for reconsideration under Rule 59(e) (ten days from the January 25, 2008 order). |
| February 29, 2008 | Lizardo moved for reconsideration under Rule 59(e). |

6

| March 17, 2008 | The District Court denied Lizardo's motion for reconsideration. |
| --- | --- |
| March 25, 2008 | If there is no tolling under Rule 4(a)(4)(A), then the time for filing a notice of appeal expires (60 days from the January 25, 2008 order). |
| April 7, 2008 | Lizardo filed a notice of appeal to this Court. |
| May 16, 2008 | If there is tolling under Rule 4(a)(4)(A), then the time for filing a notice of appeal expires (60 days from the March 17, 2008 order). |

If Lizardo's motion for reconsideration tolled the time for filing a notice of appeal, his notice of appeal was timely. If it did not, his notice of appeal was untimely and we lack jurisdiction. Fed. R. App. P. 4(a)(1)(B); 28 U.S.C. § 2107(b); *see Bowles v. Russell*, 551 U.S. 205, 212-13 (2007) (explaining that procedural rules grounded in statutes are jurisdictional).

Lizardo argues that the Government waived its right to object to the tolling of the notice of appeal deadline because it did not object to his untimely Rule 59(e) motion in the District

7

Court.[6] The "question [of] whether [Lizardo]'s notice of appeal was timely is a question of law over which we exercise plenary review." *DL Res., Inc. v. FirstEnergy Solutions Corp.*, 506 F.3d 209, 213 (3d Cir. 2007).

Rule 59(e) is a claim-processing rule, not a jurisdictional rule, so objections based on the timeliness requirement of that rule may be forfeited. But the forfeiture of a timeliness objection in the district court does not render an untimely motion timely for purposes of Rule 4(a)(4)(A) in this Court. As

---

[6] In the alternative, Lizardo argues that Rule 4 denied him due process because it did not provide him enough time to file a motion for reconsideration. Because that issue was not certified for appeal, we need not address it. 28 U.S.C. § 2253(c)(3); *Villot*, 373 F.3d at 337 n.13; 3d Cir. L.A.R. 22.1(b); *see* Fed. R. App. P. 28(a)(5). We also note that Lizardo's alleged due process violation is based on assumptions that he concedes are unsupported by the record. Lizardo assumes that (1) the January 25, 2008 order was not mailed to him until January 28, 2008, (2) it would take five to seven business days for the January 25, 2008 order to reach an address in the Virgin Islands, and (3) delivery to a prison inmate would take additional time. Based on these assumptions, he argues that it would not be unreasonable to find that the January 25, 2008 order did not arrive until after February 11, 2008. We decline to engage in such speculation. Moreover, even if we credited these assumptions and evaluated his claim on the merits, Lizardo does not cite any supporting legal authority for his claim.

such, the Government's failure to object to Lizardo's untimely Rule 59(e) motion in the District Court did not foreclose its ability to challenge the timeliness of that motion for the purposes of tolling under Rule 4(a)(4)(A).

## A.

Lizardo's Rule 59(e) motion was untimely. He filed his motion for reconsideration over a month after the District Court denied his § 2255 petition, well after the ten days provided by the rule. Fed. R. Civ. P. 59(b). The Government did not object to Lizardo's motion as untimely and the District Court denied the motion on the merits.

Under our pre-*Bowles* precedent, "any substantive action a court t[ook] on an untimely motion [would have been deemed] a nullity." *Smith v. Evans*, 853 F.2d 155, 159 (3d Cir. 1988) (internal quotation marks omitted). Thus, "[a]n untimely motion, even if acted upon by the district court, [could not] toll the time for filing a notice of appeal," *id.* at 157. We reached these conclusions based on our understanding that a "Rule 59(e) motion must be served within ten days of entry of judgment" because "[t]he ten day period is jurisdictional, and cannot be extended in the discretion of the district court." *Id.* (internal quotation marks omitted). Were we to follow this approach, we would dismiss Lizardo's appeal for lack of jurisdiction because Rule 59(e)'s ten day time limit, applied as a jurisdictional rule, would have rendered the motion for reconsideration a nullity.

9

Lizardo would not be able to invoke Rule 4(a)(4)(A)'s tolling provision and his notice of appeal would be untimely. While the result we reach today is the same, we can no longer treat Rule 59(e) as a jurisdictional rule, nor view Lizardo's untimely motion for reconsideration as a nullity.

What constitutes a jurisdictional rule has undergone significant change in recent years. The Supreme Court's decisions in *Bowles*, *Eberhart v. United States*, 546 U.S. 12 (2005) (per curiam), and *Kontrick v. Ryan*, 540 U.S. 443 (2004), require us to depart from our pre-*Bowles* approach.[7] Rule 59(e) can no longer be deemed a jurisdictional rule. The *Bowles* Court explained that time limits that are not based on a statute, such as the one governing Rule 59(e), are not jurisdictional rules, but claim-processing rules. *See Bowles*, 551 U.S. at 210-11. "[S]tatute-based filing period[s]," on the other hand, are jurisdictional. *Id.* at 212. *Compare id.* at 213 (holding that failure to file notice of appeal in accordance with 28 U.S.C. § 2107(c) and Rule 4(a)(6) resulted in an error of "jurisdictional

_____

    [7] Although Internal Operating Procedure 9.1 generally bars us from "overrul[ing] the holding in a precedential opinion of a previous panel" without "en banc reconsideration," 3d Cir. IOP § 9.1, "a panel of our Court may decline to follow a prior decision of our Court without the necessity of an en banc decision when the prior decision conflicts with a Supreme Court decision." *United States v. Tann*, 577 F.3d 533, 541 (3d Cir. 2009).

magnitude"), *with Kontrick*, 540 U.S. at 452-56 (holding that Rule 4004 of the Federal Rules of Bankruptcy Procedure was not jurisdictional in part because it was not grounded in a statute).

According to *Bowles*, "court-promulgated rules," 551 U.S. at 211-12, are distinct from "limits enacted by Congress," and should not be treated as jurisdictional rules, *id.* at 212. For example, "the rule-based time limit for criminal cases," a court-promulgated rule, "may be waived because ' . . . procedural rules adopted by the Court for the orderly transaction of its business are not jurisdictional and can be relaxed by the Court in the exercise of its discretion . . . .'" *Id.* (quoting *Schacht v. United States*, 398 U.S. 58, 64 (1970)). Similarly, Rule 4004 of the Federal Rules of Bankruptcy Procedure, a rule that sets a deadline for objecting to a debtor's discharge, Fed. R. Bankr. P. 4004, was deemed a claim-processing rule, and did not affect a court's jurisdiction. *Kontrick*, 540 U.S. at 452-56.

Rule 59(e) is akin to Rule 4004 of the Federal Rules of Bankruptcy Procedure. Both rules were promulgated by the Supreme Court under the Rules Enabling Act. *Compare* 28 U.S.C. §§ 2071-2072 (Rule 59), *with* 28 U.S.C. § 2075 (Rule 4004). Neither rule extends or limits the jurisdiction of the courts. *Kontrick*, 540 U.S. at 453 (noting that "it is axiomatic that [rules promulgated under the Rules Enabling Act] do not create or withdraw federal jurisdiction") (internal quotation marks omitted). *Compare* Fed. R. Bankr. P. 9030 ("The[]

11

[Federal Rules of Bankruptcy Procedure] shall not be construed to extend or limit the jurisdiction of the courts or the venue of any matters therein."), *with* Fed. R. Civ. P. 82 ("The[] [Federal Rules of Civil Procedure] do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts."). Therefore, like Bankruptcy Rule 4004, Rule 59(e)'s filing deadline is a "claim-processing rule[] that do[es] not delineate what cases . . . courts are competent to adjudicate." *Kontrick*, 540 U.S. at 454;[8] *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 475-76 (6th Cir. 2007) (holding that Rule 59(e) is a claims processing rule); *First Ave. W. Bldg., LLC v. James (In re Onecast Media, Inc.)*, 439 F.3d 558, 562 (9th Cir. 2006) (same); *see Dill v. Gen. Am. Life Ins. Co.*, 525 F.3d 612, 618 (8th Cir. 2008) (holding that Fed. R. Civ. P. 50(b) is a claim-processing rule).

Because Rule 59(e) is a claim-processing rule, an objection based on the untimeliness of a Rule 59(e) motion may be forfeited. *See Eberhart*, 546 U.S. at 19. "[W]here the Government fail[s] to raise a defense of untimeliness until after the District Court ha[s] reached the merits, it forfeit[s] that defense." *Id.* In this case, the District Court denied the motion for reconsideration after considering its merits. Thus, the

---

[8] A similar comparison can be made to the rule at issue in *Eberhart*. *See* 546 U.S. at 15-20. There, the Supreme Court held that Rule 33 of the Federal Rules of Criminal Procedure is a claim-processing rule. *Id.* at 13.

Government forfeited its ability to challenge Lizardo's motion for reconsideration as untimely in the District Court.

Having established that Rule 59(e) is a claim-processing rule and that a timeliness objection to a Rule 59(e) motion may be forfeited, we turn to the question of whether the Government's failure to object to Lizardo's untimely motion for reconsideration in the District Court forfeited that objection for purposes of Rule 4(a)(4)(A).

B.

Rule 4(a)(4)(A)(iv) states that "[i]f a party *timely* files in the district court [a motion to alter or amend the judgment under Rule 59], the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion[.]" Fed. R. App. P. 4(a)(4)(A) (emphasis added). An *untimely* Rule 59(e) motion does not toll the time for filing an appeal under Rule 4(a)(4)(A). This is true even if the party opposing the motion did not object to the motion's untimeliness and the district court considered the motion on the merits. *See Browder v. Ill. Dep't of Corr.*, 434 U.S. 257, 264-65 (1978); *Garcia-Velazquez v. Frito Lay Snacks Carribean*, 358 F.3d 6, 10-11 (1st Cir. 2004); *Panhorst v. United States*, 241 F.3d 367, 370 (4th Cir. 2001); *Wight v. BankAmerica Corp.*, 219 F.3d 79, 84 (2d Cir. 2000); *cf. Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 194 (3d Cir. 2008) ("[T]he fact that [a] motion was timely for the purposes of the District Court's schedule does not

13

necessarily make it timely for an appeal to this Court.").

Lizardo urges us to follow the Sixth Circuit, which held that "where a party forfeits an objection to the untimeliness of a Rule 59(e) motion [in the district court], that forfeiture makes the motion 'timely' for the purpose of Rule 4(a)(4)(A)(iv)." *Nat'l Ecological Found.*, 496 F.3d at 476. That Court could "discern no reason for holding that an otherwise properly filed motion that was considered by the district court would fail to toll the time for filing a notice of appeal." *Id.* There are several reasons why we depart from the Sixth Circuit's approach.

First, it creates a disparity in treatment between the first five types of post-judgment motions and the last type listed under Rule 4(a)(4)(A), Rule 60 motions. Under Rule 4(a)(4)(A)(vi), in its current form, this Court, not the district court, is required to determine whether the Rule 60 motion was filed "no later than 28 days after the judgment [wa]s entered." Fed. R. App. P. 4(a)(4)(A)(vi) (2010). Thus, the circumstances of the litigation in the district court are irrelevant to whether a Rule 60 motion is timely for purposes of Rule 4(a)(4)(A). Under the Sixth Circuit's approach, however, the timeliness of the other post-judgment motions would be determined based on the proceedings in the district court. Whether those motions were timely filed would depend in part upon the quality of the party opposing the motion's counsel at the district court. If that party's counsel failed to object to the timeliness of the motion, we would be forced to deem the time to file a notice of appeal

14

tolled. There is no reasoned explanation for treating Rule 60 motions differently from the other motions listed under Rule 4(a)(4)(A).

In fact, the disparity would frustrate one of Rule 4(a)(4)(A)'s purposes—to provide the same deadline for all post-judgment motions listed under that rule. The Advisory Committee's notes on the 2009 amendments to Rule 4 state that section (a)(4)(A)(vi) was amended to match the timeline of the other post-judgment motions that provide for tolling:

> Formerly, the time limit under subdivision (a)(4)(A)(vi) was 10 days, reflecting the 10-day limits for making motions under Civil Rules 50(b), 52(b), and 59. Subdivision (a)(4)(A)(vi) now contains a 28-day limit to match the revisions to the time limits in the Civil Rules.

Fed. R. App. P. 4 (2010) (Notes of Advisory Committee on 2009 Amendments). Dating back to at least 1995, the amendments to Rule 4 have repeatedly sought to "standardize the time in which postjudgment motions must be made" under Rule 4(a)(4)(A). 16A Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Catherine T. Struve, *Federal Practice and Procedure: Jurisdiction and Related Matters* § 3950.4 at 330 (4th ed. 2008). This interest in a uniform deadline would be defeated by an approach to tolling that is largely dependent on what occurred in the district court for Rule 4(a)(4)(A)(i) through (v), but is based solely on our own timing calculation for Rule

15

4(a)(4)(A)(vi).

In addition, the Sixth Circuit's approach creates uncertainty in the appeal timeline. The 2009 amendments to the Federal Rules of Civil Procedure, which, *inter alia*, extended the time for filing a Rule 59(e) motion from ten to twenty-eight days, show that Rule 4 is intended to enforce the deadlines provided in the Federal Rules of Civil Procedure, not vary them based on the happenstance of a particular litigation. In discussing the extension of time for filing a Rule 59(e) motion, the Advisory Committee Notes explain that the time period to file such a motion is "particularly sensitive because Appellate Rule 4 integrates the time to appeal with a timely motion under [Rule 59]." Fed. R. Civ. P. 59 (2010) (Notes of Advisory Committee on 2009 Amendments). Indeed, Rule 4's main purpose is "to set a definite point of time when litigation shall be at an end[.]" *Browder*, 434 U.S. at 264 (internal quotation marks omitted). In furtherance of this purpose, the 2009 amendment extending the filing deadline for a Rule 59(e) motion from ten to twenty-eight days was partially motivated by the desire to provide additional time to file the motion while not injecting uncertainty into the appeal timeline by granting the district court discretion to set any deadline for the motion's filing. "Rather than introduce the prospect of uncertainty in appeal time by amending Rule 6(b) to permit additional time," Fed. R. Civ. P. 59 (2010) (Notes of Advisory Committee on 2009 Amendments)—by, say, permitting an extension of time to file a Rule 59(e) motion for "good cause," as district courts are

permitted to do for some other motions, Fed. R. Civ. P. 6(b)(1)—Rule 6(b)'s prohibition on the extension of time to file a Rule 59(e) motion was specifically preserved, Fed. R. Civ. P. 59 (2010) (Notes of Advisory Committee on 2009 Amendments).  Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule[] . . . 59[(e).]").  Holding that an untimely Rule 59(e) motion is timely for purposes of Rule 4(a)(4)(A) by virtue of the opposing party's failure to object to that untimeliness in the district court would accomplish the opposite result of that intended by the 2009 amendments.  The "uncertainty in appeal time," Fed. R. Civ. P. 59 (2010) (Notes of Advisory Committee on 2009 Amendments), would be embedded in the litigation process.  Accordingly, we reject Lizardo's request that we follow the Sixth Circuit's approach.

III.

We hold that an untimely Rule 59(e) motion, even one that was not objected to in the district court, does not toll the time to file a notice of appeal under Rule 4(a)(4)(A).  The Government's forfeiture of the timeliness objection to Lizardo's Rule 59(e) motion in the District Court did not forfeit its timeliness challenge based on Rule 4(a)(4)(A) made before this Court.  Because Lizardo's untimely Rule 59(e) motion did not toll the time to file a notice of appeal, his notice of appeal was untimely and we must dismiss his appeal for lack of

17

jurisdiction.[9]

---

[9] We express no opinion on whether Rule 4(a)(4)(A) is a claim-processing or jurisdictional rule. Indeed, any such expression would be dicta because it is undisputed that the Government properly raised the timeliness challenge based on Rule 4(a)(4)(A) before this Court.

18

*Lizardo v. USA*, No. 08-2044
JORDAN, *Circuit Judge,* Concurrence and Dissent

While I agree with my colleagues that Lizardo's untimely motion for reconsideration – even though it was not objected to in the district court – does not toll the time for filing an appeal under Appellate Rule 4(a)(4)(A), and that therefore his appeal from the District Court's denial of his 28 U.S.C. § 2255 petition is untimely, I believe that the Supreme Court's decision in *Bowles v. Russell*, 551 U.S. 205, 209 (2007), compels the conclusion that Appellate Rule 4(a)(4)(A) is a claims-processing rule and that defenses under that rule can, in certain instances, be waived. Thus, I believe that waiver of a timeliness objection can indeed be made under Appellate Rule 4(a)(4)(A), and so write separately. Nevertheless, because the government's timeliness objection was not effectively waived in this case, I respectfully concur in the portion of the Majority's opinion holding that there is no jurisdiction over Lizardo's appeal from the District Court's denial of his § 2255 petition. To the extent that the Majority holds that we do not have jurisdiction over Lizardo's appeal from the District Court's denial of his motion for reconsideration, however, I respectfully dissent.

I.      **Lizardo's Appeal from the District Court's Denial of his § 2255 Petition and Tolling**[1]

---

[1]Because this case centers so significantly on timing, I note the following timeline as background for the discussion that follows:

1

August 16, 2002:   Lizardo moves to vacate his sentence under § 2255.

January 25, 2008:   The District Court denies his § 2255 petition.

February 8, 2008:   This is the deadline for Lizardo to file his Rule 59(e) motion for reconsideration. (Note: the timeline contained in Rule 59(e) was 10 days from entry of judgment at the time of Lizardo's case; today, it is 28 days).

February 29, 2008:   Lizardo files a *pro se* Rule 59(e) motion for reconsideration.

March 17, 2008:   The District Court denies Lizardo's Rule 59(e) motion.

March 25, 2008:   This is the deadline for Lizardo to file an appeal from the January 25 denial of his § 2255 petition, assuming there is not tolling based on his Rule 59(e) motion.

April 7, 2008:   Lizardo files a *pro se* notice of appeal from (1) the District Court's January 25 denial of his §2255 petition AND (2) the District Court's March 17 denial of his Rule 59(e) motion.

In *Bowles*, the Supreme Court held that the time for filing a notice of appeal in civil cases, set forth in Appellate Rule 4(a)(6), is "mandatory and jurisdictional" and thus not waivable. 551 U.S. at 209 (quotations omitted). The Supreme Court grounded its holding in the fact that the time limitation in Appellate Rule 4(a)(6) "is set forth in a statute, 28 U.S.C. § 2107." *Id.* at 213. The Court expressly noted "the jurisdictional distinction between court-promulgated rules," which are not statute-driven, and "limits enacted by Congress," such as Appellate Rule 4(a)(6). *Id.* at 211-12. The Court referred to the court-promulgated rules as "claims-processing" or "nonjurisdictional" rules and it concluded that those rules "may be waived." *Id.* at 212, 216. On the other hand, the Court held that a litigant subject to a time frame set by statute "cannot

---

May 16, 2008:    This is the deadline for Lizardo to file an appeal if there is tolling based on his Rule 59(e) motion.

May 16, 2008:    Lizardo seeks a certificate of appealability ("COA") from our court.

Sept. 29, 2008:    We grant the COA.

3

rely on forfeiture or waiver[2] to excuse his lack of compliance with the statute's time limitations." *Id.* at 213.

Although 28 U.S.C. § 2107 sets forth the time for taking an appeal, it does not contain the tolling provision found in Appellate Rule 4(a)(4)(A),[3] nor does it embody in any way the

---

[2]The Supreme Court did not distinguish between the terms "waiver" and "forfeiture," and used them together to describe what can occur under a claims-processing rule. For purposes of simplicity, I use the term "waiver," although, in certain instances, the difference between a knowing and deliberate waiver versus an inadvertent forfeiture may be significant.

[3]Appellate Rule 4(a)(4)(A) provides that:

If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

4

rules of civil procedure listed in Appellate Rule 4(a)(4)(A), such as Federal Rule of Civil Procedure 59(e), the rule at issue in the present matter.[4]  As an initial matter, then, I believe that *Bowles* requires us to conclude that, because the time periods noted in Appellate Rule 4(a)(4)(A) are not set forth in a statute, the rule must be classified as claims-processing rather than jurisdictional.  My colleagues in the Majority recognize that Rule 59(e) is a "claim[s]-processing rule," and that therefore, "an objection based on the untimeliness of a Rule 59(e) motion may be forfeited." Maj. Op. at 9.  Yet, they "express no opinion on whether Rule 4(a)(4)(A) is a claim-processing or jurisdictional rule." *Id.* at 9 n. 9.  In other words, the Majority declines to state explicitly that Appellate Rule 4(a)(4)(A) is a claims-processing rule that allows a party to waive a timeliness objection. Given the "jurisdictional" versus "claims-processing" divide delineated in *Bowles*, however, there is no basis to draw

---

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

[4]Federal Rule of Civil Procedure 59(e) addresses what are sometimes called motions for reconsideration, and provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  At the time that Lizardo filed his motion for reconsideration, the timeframe set by the rule was 10 days rather than 28 days.

5

a distinction between Rule 59(e), a rule not dictated by statute, and Appellate Rule 4(a)(4)(A), another rule not dictated by statute. Accordingly, I see no way to avoid the conclusion that Appellate Rule 4(a)(4)(A), like Rule 59(e), is a claims-processing rule. And, if one accepts that 4(a)(4)(A) is a claims-processing rule, it follows that a defense under that rule "may be waived." *Bowles*, 551 U.S. at 212; *see also Eberhart v. United States*, 546 U.S. 12, 15 (2005) (describing how "claim-processing rules ... may be unalterable on a party's application but can nonetheless be forfeited if the party asserting the rule waits too long to raise the point." (internal quotations omitted)).

In the present case, the government did not object to the timeliness of Lizardo's motion for reconsideration in the District Court. Thus, the government waived its affirmative defense of untimeliness as to the Rule 59(e) motion in the District Court. The Majority recognizes as much, Maj. Op. at 3; 12-13, but nevertheless holds that "an untimely Rule 59(e) motion, even one that was not objected to in the district court, does not toll the time to file an appeal under Rule 4(a)(4)." Maj. Op. at 17.

To the extent that the Majority's opinion may be read as implying that a party can never waive an objection under Appellate Rule 4(a)(4)(A), I cannot agree. The waiver available to the government under Appellate Rule 4(a)(4)(A) could have been exercised had the government chosen not to assert its affirmative defense of untimeliness in our Court. However, I do agree with the Majority in its holding that what suffices as waiver for purposes of Rule 59(e) does not necessarily suffice as a waiver under Rule 4(a)(4)(A). In other words, as the

6

Majority states, even when an opposing party fails to object to the timeliness of a Rule 59(e) motion in the district court, and the district court rules on that motion on the merits, the opposing party can still raise the issue of timeliness with regard to Appellate Rule 4(a)(4)(A).

Here, the government evidently chose not to object to the timeliness of Lizardo's motion for reconsideration in the District Court, though it could have raised the 10-day time bar then in place under Rule 59(e). Given the different purpose of Appellate Rule 4(a)(4)(A), however, the government was free to assert the untimeliness of Lizardo's notice of appeal from the District Court's denial of his § 2255 petition, and it did so in its briefing after we issued a certificate of appealability ("COA") in this case.

Appellate Rule 4(a)(4)(A) should not be treated as waived unless there has been an explicit assertion of waiver, or the waiving party has briefed the merits of an appeal without raising the affirmative defense of untimeliness.[5] Here, the

---

[5]The idea that, if an opposing party briefs the merits of an appeal without raising the affirmative defense of untimeliness, it should be treated as, in effect, a specific assertion of waiver, is consistent with the District of Columbia Circuit's reasoning in *Wilburn v. Robinson*, 480 F.3d 1140 (D.C. Cir. 2007).

In *Wilburn*, as in the instant case, the opposing party did not challenge the timeliness of Wilburn's post-judgment motion in the district court, which was in fact untimely. 480 F.3d 1144. Nor did the opposing party raise the affirmative defense of

government never made an explicit assertion of waiver, nor did it brief the merits of the appeal before we issued a COA. Rather, the government was simply silent as to untimeliness under Appellate Rule 4(a)(4)(A).  While silence is enough to effectuate waiver under Rule 59(e), there are good reasons to

---

untimeliness when Wilburn filed his notice of appeal.  *Id.* However, unlike the instant case, the opposing party in *Wilburn* briefed the merits of the appeal without addressing the issue of untimeliness.  *Id.* at 1147.

In analyzing the issue of tolling, the *Wilburn* court began by explicitly noting that "[t]he tolling language of Rule 4(a)(4)(A)(vi) fits the Court's description of a claim-processing rule."  *Id.* at 1145.  The court then noted that the opposing party "did not challenge the timeliness of Wilburn's appeal in his initial brief to this court ... [but i]nstead, he addressed only the merits of the appeal."  *Id.* at 1147.  The court then held that, "[a]lthough [the opposing party eventually] raised the timeliness issue in response to our order to the parties to consider the effect of [tolling] on this appeal ... the argument comes too late."  *Id.* Accordingly, the Wilburn court held that, "[b]ecause [the opposing party] failed to timely assert the timeliness defense afforded by Rule 4(a)(4)(A)(vi) [in its merits briefing], ... Wilburn's [post-judgment motion] to have tolled the period to appeal ... ."  *Id.*

Unlike in *Wilburn*, here, the government never briefed the merits of the appeal without raising its timeliness objection. Therefore, the government has not waived its objection under Appellate Rule 4(a)(4)(A).

8

say it is not enough to effectuate waiver under Appellate Rule 4(a)(4)(A).

First, those two rules are aimed at different objectives. The time limit contained in Rule 59(e) establishes a check on a district court's ability to revisit its final judgment. Considerations under that rule are made on a specific, case-by-case basis. Appellate Rule 4(a)(4)(A), on the other hand, goes to the manner in which appeals are processed from all district court cases. Appellate Rule 4(a)(4)(A) is thus a systemic and organizational rule. Its goals are to ensure that appeals are treated in an equitable manner and to bring certainty to the appeals process. That is something broader than the aim of Rule 59(e), which allows a limited opportunity for a district court to correct a specific error in a specific case. Accordingly, waiver under Appellate Rule 4(a)(4)(A) is rightly subject to more stringent requirements than waiver under Rule 59(e). That a party waived by silence its defense to the district court's ability to reconsider its final judgment should not dictate the consideration we give to whether a party has timely filed an appeal in our court. Indeed, even an explicit waiver of a 59(e) timeliness objection ought not be sufficient to overcome the systemic and institutional concerns that warrant giving Appellate Rule 4(a)(4)(A) more rigid application.

Second, if we were to hold that an opposing party's failure to object to the timeliness of a Rule 59(e) motion in the district court prevents that party from challenging on appeal the timeliness of that motion for purposes of tolling – the Sixth Circuit's approach in *National Ecological Foundation v. Alexander*, 496 F.3d 466 (6th Cir. 2007) – we must assume the

9

existence of an opposing party. There are, however, certain contexts in which no opposing party is present. For example, in the context of habeas corpus and in Prison Litigation Reform Act cases, district courts can and frequently do dismiss a plaintiff's or petitioner's initial pleading as frivolous before that pleading has been served on the government. *See* 28 U.S.C. § 2243; 42 U.S.C. § 1997e. In those cases, a plaintiff or petitioner may file an untimely motion for reconsideration of the district court's dismissal, and, even if the district court rules on that motion on the merits, we may still dismiss an appeal based on the untimeliness of the underlying motion.[6] So, unlike plaintiffs in other civil cases, who would benefit under the Sixth Circuit's approach from an opposing party's waiver of a timeliness objection, the plaintiff or petitioner without an opposing party cannot have the benefit of such a waiver. That approach thus creates two classes of defendants: those with an opposing party who can grant them the benefit of waiver, and those without any opportunity for grace because there is no one to grant it. We should not assume that Congress intended to create two classes of appellants, those with access to a possibility of waiver and those without. Prisoners and habeas petitioners already face – by Congress's considered choice – carefully placed screens to filter the claims they wish to bring.

---

[6] A similar distinction can be found in the *in forma pauperis* context, 28 U.S.C. § 1915(e), in which the court has authority to dismiss frivolous complaints before they are served on a defendant. Here too, there may be no opposing party in a situation where the Court dismisses a claim and then the party moves for reconsideration.

We should be leery of creating new impediments for them on our own.

Third, I agree with the Majority that an approach like that taken by the Sixth Circuit in *National Ecological Foundation* would result in an unacceptable uncertainty in the appellate process. There is an obvious uncertainty that would ensue should the timeliness of an appeal be predicated on the idiosyncratic motions practice of litigants before the district court. Likely for that reason, Appellate Rule 4(a)(4)(A) states that, "[i]f a party *timely* files" any of the motions listed in the rule, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion[.]" (emphasis added). A simple textual approach, then, would dictate that, as a general matter, a Rule 59(e) motion should only be able to toll the time for filing an appeal if it is "timely," i.e., filed within the timeframe dictated by Rule 59(e). Unless there is a specific assertion of waiver (*see supra* note 5), parties should be able to rely on that "timely" caveat in Appellate Rule 4(a)(4)(A). The rule itself thus lends further support to the conclusion that a waiver in the Rule 59(e) context does not

11

translate into a waiver in the Appellate Rule 4(a)(4)(A) context.[7]

Finally, I also agree that embracing the *National Ecological Foundation* approach would create an internal inconsistency within Appellate Rule 4(a)(4)(A). Appellate Rule 4(a)(4)(A) lists six types of post-judgment motions that can toll the time for filing an appeal, but only one of the six is

---

[7]I recognize that an element of uncertainty results from our approach as well. A reason frequently given for forcing litigants to live with the positions they took in the district court is that allowing a new position to be taken for the first time in our Court works an unfairness to the party filing the motion who proceeds in good faith reliance on what the opposing party did or did not do in the district court. Here, we have a circumstance where both parties and the District Court treated Lizardo's motion for reconsideration as valid, and addressed it on the merits. *See* App. at 32 ("Having considered the premises, it is hereby ORDERED that Lizardo's motion for reconsideration is denied."). Allowing a timeliness objection to be raised now, for the first time on appeal, means that, even though the parties and the Court proceeded with the motion for reconsideration, deciding it as if it were timely, and even though they were all free to do that, Lizardo should nevertheless have known to file a notice of appeal before the motion to reconsider was decided. However, this uncertainty results from a party's – in this case, Lizardo's – failure to file a Rule 59(e) motion in a timely manner, and, importantly, this kind of uncertainty exists on a case-by-case basis. If we have a clear rule, we are likely to have fewer cases like this one.

12

accompanied by a time limit. Specifically, Appellate Rule 4(a)(4)(A)(vi) provides that a Rule 60 motion can toll the time for filing an appeal, but only if it is "filed no later than 28 days after the judgment is entered." Based on that language, our Court, not the district court, is required to determine whether the Rule 60 motion was filed within that 28-day time frame. On the other hand, were we to adopt the Sixth Circuit's approach, the timeliness of the other five post-judgment motions – or at least the Rule 59(e) motions – would be determined based on the proceedings of the district court. Thus, an internal inconsistency would result because a Rule 60 motion can only toll the time for filing an appeal if that motion was filed within 28 days of the entry of judgment, whether or not the opposing party fails to object to untimeliness before the district court, whereas the failure to object to a Rule 59(e) motion would render that motion timely for the purposes of tolling.[8]

_____

[8] I do concede, however, that a Rule 60 motion is, by its nature, a different type of post-judgment relief than the other motions listed in Appellate Rule 4(a)(4)(A). The filing of a Rule 60 motion is not tied to a litigation event, but to events that occurred outside the litigation context. Thus, while other post-judgment motions are accompanied in the Federal Rules of Civil Procedure by specified time limits that begin to run when the district court enters final judgment or grants or denies a discrete motion, certain types of motions under Rule 60(b) must simply be made "within a reasonable time" after the entry of judgment. FED. R. CIV. P. 60(c)(1). As a result, it was likely necessary for the drafters of the Federal Rules of Appellate Procedure to incorporate into the Appellate Rules a separate time period

13

In sum, I would hold that an untimely motion for reconsideration – even when not objected to in the district court – does not toll the time for filing an appeal under Appellate Rule 4(a)(4)(A), unless there has been a clear assertion of waiver, either by an explicit statement of waiver or by merits briefing that fails to address the issue of timeliness. Appellate Rule 4(a)(4)(A) is a claims-processing rule,[9] but, in this

---

within which the filing of a Rule 60(b) motion will toll the period of filing a notice of appeal with respect to the final judgment. Otherwise, as a technical matter, a party could file a Rule 60(b) motion years after entry of a final judgment, and then argue upon disposition of that motion that they had a right to appeal the original judgment.

[9]The Majority says that a statement that Appellate Rule 4(a)(4)(A) is a claims-processing rule would be dicta, because here, the Government raised the issue of timeliness under Rule 4(a)(4)(A). Maj. Op. at189 n.9. Perhaps this is so, if the basis for the Majority's holding is that the Government made a proper timeliness objection under Appellate Rule 4(a)(4)(A). However, I write separately to make clear that, in my view, there are circumstances in which such an objection could in fact be waived. I write to ensure that we do not leave the impression that Appellate Rule 4(a)(4)(A) is jurisdictional, which one might understand from the Majority's opinion.

Further, while the Majority recognizes that its approach departs from the Sixth Circuit's approach, the Majority also departs from the approaches embraced by the District of Columbia Circuit in *Wilburn*, 480 F.3d at 1140, and the Eighth

14

instance, a timeliness defense under that claims-processing rule was not waived. For these reasons, I respectfully concur.

_____

Circuit in *Dill v. General American Life Insurance Co.*, 525 F.3d 612 (8th Cir. 2008). While those two decisions are certainly distinguishable (for reasons that need not be addressed here), they are rightly explicit about Appellate Rule 4(a)(4)(A) being a claims-processing rule, and they embrace the principle that a defense under Appellate Rule 4(a)(4)(A) may accordingly be waived. *See Wilburn*, 480 F.3d at 1146 (stating that, "[b]ecause we conclude that the time limit of Rule 4(a)(4)(A)(vi) constitutes a claim-processing rule, the issue becomes whether [the opposing party] forfeited the right to assert it); *Dill*, 525 F.3d at 618-19 ("[B]ecause the rules [contained in Appellate Rule 4(a)(4)(A)] are nonjurisdictional, these timeliness requirements may be forfeited if they are not timely raised. Therefore, we must decide whether Dill timely raised the untimeliness of ... [the opposing party's post-judgment] motion. If he did, he is assured relief ... [but if he] wait[ed] too long to raise the point ... the defense was forfeited.") (citations omitted) (fifth alteration in original).

I agree with those courts' explicit discussions about Appellate Rule 4(a)(4)(A) as a claims-processing rule, and their recognition that waiver is indeed possible, and I believe we should clearly adopt that position.

15

## II.     Lizardo's Appeal from the District Court's Denial of his Motion for Reconsideration

Lizardo appealed from both the District Court's January 25, 2008 denial of his § 2255 motion and the District Court's March 17, 2008 denial of his Rule 59(e) motion. We must therefore ask whether Lizardo's appeal of his motion for reconsideration is timely if measured from the District Court's denial of that motion, separate and apart from tolling under Appellate Rule 4(a)(4)(A).

The Majority holds, as it must, that Rule 59(e) is a claims-processing rule. It therefore concludes that "we can no longer treat Rule 59(e) as a jurisdictional rule, nor view Lizardo's untimely motion for reconsideration as a nullity." Maj. Op. at 10. If we cannot view Lizardo's motion for reconsideration as a nullity (i.e., we must view it as legitimate), we also cannot view the District Court's denial of that motion for reconsideration as a nullity. In other words, the District Court's denial of Lizardo's motion for reconsideration is an order from which an appeal can be taken.

Because the District Court's denial of Lizardo's motion for reconsideration is a final order, Lizardo's appeal as measured from that denial is timely, and we have jurisdiction over those issues he raised in his motion for reconsideration.[10]

_____

[10]Lizardo's motion for reconsideration raised the same underlying issue as his § 2255 petition, namely, that his counsel deprived him of the right to testify. However, the standard of

16

The District Court denied Lizardo's Rule 59(e) motion on March 17, 2008 and Lizardo filed his *pro se* notice of appeal on April 7, 2008, within the 60-day time period prescribed by Appellate Rule 4.

The Majority does not address this issue explicitly, but in a footnote states that "[t]he certificate of appealability did not certify the issue of whether the District Court erroneously denied Lizardo's motion for reconsideration and Lizardo failed to raise that issue on appeal." Maj. Op. at 4-5 n.5. Therefore, says the Majority, "we need not address it." *Id.* Perhaps that footnote can be read to mean that Lizardo's appeal from the denial of his motion for reconsideration is timely but that the issue of whether the District Court erred in denying that motion does not fall within the scope of our COA. If so, I disagree.

We granted the COA with regard to three specific questions: (1) "whether the District Court applied the correct standard in evaluating Lizardo's claim that trial counsel deprived him of his constitutional right to testify on his own behalf"; (2) "whether Lizardo's motion for reconsideration affected the time for filing a notice of appeal"; and, (3) "whether Lizardo's notice of appeal was timely filed under the prison mailbox rule." App. at 13. The second and third of those questions can and should be read to encompass the question of whether Lizardo's appeal, as measured from his motion for

---

review for denial of a motion for reconsideration is different than that which would apply to an appeal from the denial of the § 2255 petition itself.

reconsideration, is timely. Particularly in the case of a *pro se* appeal such as this,[11] we should construe the COA to protect Lizardo's appellate rights. *Cf. Ghana v. Holland*, 226 F.3d 175, 180 (3d Cir. 2000) (discussing our willingness to "construe [a litigant's] pro se notice of appeal liberally to cover unspecified prior orders that are related to the specified order that was appealed from" (internal quotations and alterations omitted)).

Moreover, Lizardo did argue in his appellate brief that the District Court erred in denying his motion for reconsideration. *See* Appellant's Op. Br. at 7-8 ("Further, the District Court erred in concluding that [Lizardo's] declaration in support of his motion for reconsideration filed in response to the District Court's Order denying [Lizardo's] § 2255 petition did not allege sufficient prejudice under *Strickland* [] ... ."). In fact, a section of his brief is devoted to why the District Court allegedly erred in denying his motion for reconsideration.

I would therefore construe the COA to encompass the issue of whether the District Court erred in denying Lizardo's motion for reconsideration, and thus would say that Lizardo's appeal from the District Court's denial of his motion for reconsideration is timely. For that reason, I respectfully dissent to the extent that the Majority holds that we do not have

---

[11]Lizardo was *pro se* when he filed his supplemental memorandum in support of his § 2255 petition, when he filed his motion for reconsideration, and when he filed his notice of appeal. He was, however, counseled in his briefing following our issuance of the COA.

18

jurisdiction over Lizardo's appeal from the District Court's denial of his motion for reconsideration.