# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1443

_____

Diony Ratliff

*Plaintiff - Appellant*

v.

City of Shannon Hills, et al.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: October 2, 2015
Filed: October 7, 2015
[Unpublished]

_____

Before LOKEN, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Diony Ratliff appeals the grant of summary judgment dismissing her 42 U.S.C. § 1983 action against the City of Shannon Hills, Arkansas, and various City officials. Appellees argue, and we agree, that the notice of appeal was untimely. Because a timely notice of appeal in a civil case is both mandatory and jurisdictional, we dismiss

the appeal for lack of appellate jurisdiction.  See Dill v. Gen. Am. Life Ins. Co., 525 F.3d 612, 616 (8th Cir. 2008).

The district court entered final judgment on September 16, 2014.  On October 15, the twenty-ninth day after entry of judgment, Ratliff filed a motion to enlarge her time to file a Rule 60(b) motion for reconsideration, which the district court granted. Ratliff timely filed a Rule 60(b) motion on November 18 and a notice of appeal on January 12, 2015.  The district court denied the Rule 60(b) motion on February 19, 2015; Ratliff did not separately appeal that order.  See Fed. R. App. P. 4(a)(4)(B)(ii).

Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides that a notice of appeal in a civil case "must  be filed with the district clerk within 30 days after entry of the judgment of order appealed from."  Rule 4(a)(4)(A)(vi) provides that a timely motion for post-judgment relief under Rule 60 extends the time to file an appeal until entry of an order disposing of the motion "*if the motion is filed no later than 28 days after the judgment is entered,*" which is the time limit for filing a motion to alter or amend the judgment under Rule 59(e).  Thus, although Rule 60(c)(1) provides that a Rule 60(b) motion is timely if filed in the district court "within a reasonable time," Appellate Rule 4(a)(4)(A)(vi) provides that a timely Rule 60(b) motion only extends the time to file an appeal if filed within 28 days.  Ratliff did not file her Rule 60(b) motion within 28 days after entry of judgment, and therefore we lack jurisdiction to consider her appeal.  See Arnold v. Wood, 238 F.3d 992, 996 (8th Cir. 2001) (Rule 60).  She urges us to extend the time to file a notice of appeal based on excusable neglect, but only the district court may grant that relief.  See Fed. R. App. P. 4(a)(5)(A)(ii), 26(b)(1).

This appeal is dismissed for lack of jurisdiction.

_____